EDWARD HINES v. IMPERIAL NAVAL STORE CO.

[58 South. 650.]

1. TRESPASS TO REAL ESTATE. *Damages. Equity. Report of master. Findings. Conclusiveness. Punitive damages. When awarded. Corporation. Conveyancs. Landlord and tenant.*

Where one boxed the trees and extracted the turpentine therefrom without the consent of the owner, he was liable only for the actual damages sustained by the owner and the owner had the option of recovering either the full amount of damage, that necessarily as well as that unnecessarily inflicted upon the trees in the process of extracting the products therefrom; or of recovering these products, or their value, together with the amount of any damage unnecessarily inflicted upon the trees in the process of extraction.

2. SAME.

In such case if the owner elects to take the products or their value, he cannot also recover the damage necessarily inflicted upon the trees in the process of extracting these products.

3. EQUITY. *Report of master. Conclusiveness of findings.*

The report of a master appointed by the chancery court to make findings in a case has the effect of the verdict of a jury in so far only as it deals with findings of facts supported by competent evidence.

4. EQUITY. *Report of master. Punitive damages. When awarded.*

Punitive damages are awarded by way of punishment, and the imposition of this punishment in a suit in chancery lies as completely in the discretion of the chancellor as it does in the jury in cases tried by a jury.

5. SAME.

Whether or not this punishment shall be imposed is not a question of fact at all, and consequently the recommendation of the master relative thereto, may be followed by the chancellor or not, as in his judgment may seem best under all the circumstances in the case.

6. CORPORATIONS.  *Deeds.  Validity.  Equitable title.*

> An unsealed deed executed by a corporation is insufficient to convey the legal title; it does however convey the equitable title, which title a court of equity will protect and enforce.

7. LANDLORD AND TENANT.  *Action for damages.  Scope of inquiry.*

> Where a lease to a grantee to extract turpentine from trees was for a term of three years from the date of boxing, the grantor reserving the right to designate what timber should be first boxed and the boxing of the timber was not begun until after the expiration of seven years from the date of the lease, and when begun the land had been purchased by plaintiff who brought suit against the vendees claiming damages by reason of the vendee having without his consent boxed and extracted turpentine and rosin from a large number of trees on the leased lands, and claiming that the boxing did not begin in a reasonable time, the time when boxing should begin not being specified in the lease, in such a suit the question of the reasonableness or unreasonableness of the lease cannot be drawn in question.

8. SAME.

> When a valid contract is once made for the sale of timber rights which specified no time for the completion of the contract, the court will construe the contract so as to enforce the completion within a reasonable time, determinable from all the facts surrounding each particular case; but will not declare any such contract unreasonable so as to avoid the consequences except on a direct proceeding to cancel the lease.

APPEAL from the chancery court of Hancock county. HON. T. A. WOOD, Chancellor.

Suit by Edward Hines against the Imperial Naval Stores Company.  From a decree both sides appeal.

The facts are fully stated in the opinion of the court.

*Bowers & Griffith,* for appellant.

*W. J. Gex,* for appellee.

Counsel on both sides filed elaborate briefs covering all points in the case, but too long for publication.

Argued orally by *V. A. Griffith,* for appellant.

Argued orally by *W. J. Gex,* for appellee.

SMITH, J., delivered the opinion of the court.

This is a suit instituted by attachment, in which appellant seeks to recover damages alleged to have been sustained by him by reason of appellee having, without his consent, boxed and extracted the turpentine and rosin from a large number of pine trees situated upon his (appellant's) land. The bill prayed for actual and punitive damages. There was a decree for appellant, but for less than he thought he was entitled to, from which decree this cause comes to us on both direct and cross-appeal.

The land has been divided by the allegations of the bill into three groups, designated as A, B, and C. A master was appointed by the chancellor, and directed to inquire into the matters complained of and report his findings thereon to the court. On the coming in of this report, exceptions were filed thereto by both complainant and defendant, some of which were sustained and others overruled by the chancellor. With reference to division A, the master reported that thirteen hundred and forty-two trees had been boxed by appellee, sixty-five of which died as a result thereof; that the value of the trees before being boxed was one dollar each; that the damage to the trees by reason of being boxed was fifty cents each; that the value of the products extracted by appellee from the trees was two hundred and twenty-eight dollars after deducting the expense incurred by it in extracting them, and recommended the allowance of each item—that is, one dollar each for the trees killed, fifty cents each for the trees boxed but not killed, and two hundred and twenty-eight dollars value of the products extracted.

The chancellor approved this report as to the first two items, but properly disallowed the two hundred and twenty-eight dollars value of the products extracted. Appellee was liable only for the actual damages sus-

tained by appellant, and he (appellant) had the option of recovering either the full amount of damage, that necessarily as well as that unnecessarily, inflicted upon the trees in the process of extracting the products therefrom; or of recovering these products, or their value, together with the amount of any damage unnecessarily inflicted upon the trees in the process of extraction. If he elects to take the products or their value, he cannot also recover the damage necessarily inflicted upon the trees in the process of extracting these products. Since the trees which were originally worth one dollar each are still worth fifty cents each, when appellant receives fifty cents each for the damage done thereto, it seems to us that he has been made whole. For the same reason, the chancellor properly sustained the exception to the master's allowance of the value of products taken from the trees on division C.

With reference to division C, the master further reported that the trees were boxed and worked for two years under such circumstances as to make appellee a willful trespasser, and he therefore recommended that appellant be awarded punitive damages in the sum of ten cents per year for each tree boxed. The chancellor declined to allow punitive damages for the first year for the reason that, in his opinion, the evidence did not warrant the finding that appellee was a willful trespasser during that year. It is argued by appellant that the report of the master has the same effect as the verdict of a jury, and consequently must be approved if there is competent evidence to support it. This is true, in so far as such a report deals with questions of fact. Whether or not appellee was a willful trespasser in cutting these trees was a question of fact; but when this fact was determined, and it was found to have been a willful trespasser, it did not necessarily follow that punitive damages should have been awarded. "Such damages are allowed not solely, nor chiefly, for the benefit of the par-

ticular individual injured, but are awarded on the well-established principle of law that they may have a deterrent effect and protect the public against the repetition of similar offenses.'' As the very name implies, ''punitive'' damages are awarded by way of punishment, and the imposition of this punishment lies as completely in the discretion of the chancellor as it does in the jury in cases tried by a jury. Whether or not this punishment shall be imposed is not a question of fact at all, and consequently the recommendation of the master relative thereto may be followed by the chancellor or not, as in his judgment may seem best under all the circumstances in the case. The chancellor properly approved the recommendation of the master that appellant be allowed nothing for the boxing of the trees on division D. Appellee was a lessee of this land under mesne conveyance from a lease by appellant's grantor, and of which the grantor had actual notice prior to his purchase. Appellant's grantor was a corporation, and the lease executed by it to appellee's remote grantor was not sealed; and while it is true that an unsealed deed executed by a corporation is insufficient to convey the legal title, it does convey the equitable title, which title a court of equity will protect and enforce.

By this instrument the land was leased to the grantee therein for a term of three years from the date of boxing; the grantor reserving the right to designate what timber should be first boxed. The boxing of the timber was not begun until after the expiration of seven years from the date of the lease, and when begun the land had been purchased by appellant. Since the time within which the boxing must be begun is not specified in the lease; appellant contends that the boxing must have been begun within a reasonable time, and that seven years is an unreasonable time in which to begin, and that consequently appellee's right to box the trees had expired when the boxing was begun. On this point I am directed

by my brethren to say that: ''The question of the reasonableness or unreasonableness of this contract cannot be drawn in question in this proceeding. When a valid contract is once made for the sale of timber or timber rights which specified no time for the completion of the contract, the court will construe the contract so as to force the completion within a reasonable time, determinable from all the facts and circumstances surrounding each particular case; but the court will not declare any such contract unreasonable so as to avoid the consequences except on a direct proceeding to cancel.'' In the conclusion reached by my brethren, that the court can only determine the time within which contracts of this character must be performed in a proceeding instituted for the purpose of canceling the instrument, I am unable to concur.

There is no merit in appellee's contention that it was liable only for the rental value of the land. It may be that appellant, had he so desired, could have elected to take the rental value of the land, as to which we express no opinion.

Appellee contends that included in the amount of damages awarded by the chancellor is the sum of four hundred and twenty dollars, the value of products taken from the trees; but we have been unable to verify this claim.                    *Affirmed.*