## STATE *v.* M. D. SAUCIER.

### [60 South. 3.]

1. CRIMINAL LAW. *Forgery. Elements of offense. Deed not under seal.*

   A deed not under seal, purporting to have been executed prior to the abolition of private seals in this state, is the subject of forgery, as had it been genuine it would have had the effect to convey an equitable title to the property and thus capable of producing an injury to the apparent grantor.

2. SAME.

   The procuring to be recorded by a chancery clerk, of a forged deed is not indictable as a forgery where the only allegation of injury is that the chancery clerk was injured thereby, since there is no way in which such clerk could be injured. by recording such a deed.

APPEAL from the circuit court of Jackson county.

HON. T. H. BARRETT, Judge.

M. D. Saucier was indicted for forgery. From a judgment sustaining a demurrer to the indictment, the state appeals.

The indictment against the appellee is as follows:

### "INDICTMENT.

"The State of Mississippi, County of Jackson.

"August Term, A. D. 1912, Jackson County Circuit Court.

"The grand jurors of the state of Mississippi, taken from the body of the good and lawful men of Jackson county, elected, impaneled, sworn, and charged to inquire in and for Jackson county at the term aforesaid of the court aforesaid, in the name and by the authority of the state of· Mississippi, upon their oaths present that M. D. Saucier, late of the county aforesaid, on the 16th day of June, A. D. 1912, in the county aforesaid.

"FIRST COUNT.

"Designing and devising then and there to cheat and defraud Arch Dees and J. P. Dees of their property, did willfully, unlawfully, and feloniously make, forge and counterfeit a certain instrument of writing being or purporting to be a deed of conveyance from one Arch Dees and J. P. Dees to one E. H. Davis, which said forged deed of conveyance purported to convey to the said E. H. Davis certain lands described in said deed of conveyance for a consideration therein named, and which said deed purported to have been executed on the 6th day of March, 1872, and which said forged instrument of writing was in words and figures as follows, to wit:

" 'State of Mississippi, Jackson County.

" 'In consideration of the sum of one hundred and ten ($110.00) cash to us in hand paid by E. H. Davis, we hereby sell, convey, and warrant to the said E. H. Davis the following described land in Jakson county, Mississippi, to wit: The southeast quarter and south half of southwest quarter of section thirty-one (31) T. 6, range 4 West.

" 'Witness our hands this the 6th day of March, A. D. 1872.                                        Arch Dees.
                                        " 'J. P. Dees.

" 'State of Mississippi, Jackson County.

" 'Personally appeared before me, the undersigned authority in and for the county and state above named, the said Arch Dees and J. P. Dees, who acknowledge that they signed and delivered the above instrument on the date therein written. Witness my hand this 6th day of March, 1872.

                    " 'C. H. Alley, Chancery Clerk,
            " '[Seal.] Jackson County, Mississippi.

" 'State of Mississippi, Jackson County.

" 'I, Cadmus H. Alley, chancery clerk of Jackson county, Mississippi, do certify that the within deed was filed in my office for record on the 11th day of September,

1873, and duly recorded this day in Records of Deeds Book A, page 19. Given under my hand and seal of office this 12th day of Sept. A. D. 1873.

" '[Seal.],                    C. H. Alley, Clerk.'

"And by which said forged and fraudulent deed of conveyance the lands described therein purported to be conveyed by the said Arch Dees and J. P. Dees, to the said E. H. Davis, the grantee therein named, with the unlawful and felonious intent then and there to cheat and defraud the said Arch Dees and J. P. Dees of their property, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi.

"SECOND COUNT.

"And the grand jurors aforesaid on their oaths aforesaid do further present that the said M. D. Saucier, in the county and state aforesaid, on the 16th day of June, 1911, designing, devising, and intending feloniously then and there to cheat and defraud I. P. Delmas, chancery clerk of Jackson county, then and there being in his official capacity as chancery clerk, and registrar of deeds of said county, did then and there willfully, unlawfully, feloniously, and fraudulently utter and publish as true and genuine a certain forged and false instrument of writing purporting to be a deed of conveyance from one Arch Dees and J. P. Dees, dated the 6th day of March, 1872, and purporting to have been executed on said date by the said Arch Dees and J. P. Dees in favor of one E. H. Davis, the grantee therein named, for the conveyance of certain lands therein mentioned, and for a consideration of $110 which said forged deed of conveyance was in words and figures, as follows, to wit:

" 'State of Mississippi, Jackson County.

" 'In consideration of the sum of $110.00 (one hundred and ten dollars) cash to us in hand paid by E. H. Davis, we hereby sell, convey and warrant the following described land in Jackson county; Mississippi, to wit:    The

·southeast quarter and south half of southwest quarter of section thirty-one (31), T. 6 S., R 4 West. Witness ·our hands this the 6th day of March, A. D. 1872.

" 'Arch Dees.<br>" 'J. P. Dees.

·" 'State of Mississippi, Jackson County.

" 'Personally appeared before me, the undersigned :authority in and for said county and state above named, the said Arch Dees and J. P. Dees, who acknowledged that the signed and delivered the above instrument on ·date therein written. Witness my hand this 6th day of March, A. D. 1872.

" 'C. H. Alley, Chancery Clerk,<br>" '[Seal.]    Jackson County, Mississippi.

·" 'State of Mississippi, Jackson County.

" 'I, Cadmus H. Alley, chancery clerk of Jackson ·county, Mississippi, do certify that the within deed was ·filed in my office for record on the 11th day of Sept., A. D. 1873, and duly recorded this day in Records of Deeds Book A, page 19. Given under my hand and seal of ·office this 12th day of September, A. D. 1873.

·" '[Seal.]    C. H. Alley, Clerk.'

"And the said M. D. Saucier, well knowing the said ·deed of conveyance to be forged, false, and fraudulent, then and there feloniously uttered and published the same as true and genuine by then and there feloniously pro-·curing the said I. P. Delmas, chancery clerk as aforesaid, to record the same in book 37, page 12, of the Deed Records of Jackson county, Mississippi, with the unlaw-ful, felonious, and fraudulent intent then and there to ·cheat and defraud the said I. P. Delmas in his official capacity as clerk of said Jackson county, contrary to the form of the statute in such case made and provided ·against the peace and dignity of the state of Mississippi.

"THIRD COUNT.

"And the grand jurors aforesaid, on their oaths afore-·said, do further present that the said M. D. Saucier, in

the county and state aforesaid, on the 10th day of June, 1911, devising and intending then and there feloniously and unlawfully to cheat and defraud Arch Dees and J. P. Dees of their property, did willfully, unlawfully, utter and publish as true and genuine a certain forged, false, and fraudulent instrument of writing purporting to be a deed of conveyance from Arch Dees and J. P. Dees, which said deed of conveyance purported to have been executed on the 6th day of March, 1872, by the said Arch Dees and J. P. Dees, and which said forged deed of conveyance the said Arch Dees and J. P. Dees purported to convey to one E. H. Davis therein certain named land therein described for a certain consideration of $110 therein named, which said forged instrument of writing was in words and figures as set out in the first and second counts of this indictment, and the said M. D. Saucier, well knowing the said instrument or deed of conveyance to be forged, false, and fraudulent, and with the felonious and fraudulent intent then and there to cheat and defraud Arch Dees and J. P. Dees, did then and there willfully, unlawfully, and feloniously utter and publish the same as true and genuine by then and there feloniously procuring the said forged instrument to be recorded by I. P. Delmas, chancery clerk of Jackson county, in book 37, page 12, of the Record of Deeds of said Jackson county, Mississippi. .

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi.

"E. J. Ford, District Attorney."

*Frank Johnston*, assistant attorney-general, for the state.

It is not necessary to aver specifically and affirmatively that the pretended grantors in the deed had an interest in the land described in the forged instrument. I quote the following from the text of Cyc.: "An instrument cannot be said to be incapable of effecting fraud because

by extraneous evidence it can be shown to be of no valid-
ity. Such instruments are nevertheless subjects of
forgery. Hence it is immaterial that the name signed is
that of a person under legal disability, or dead, or that the
name signed is fictitious. It is also immaterial that the
purported grantor to a false deed had no interest in the
land described therein, or that a person to whom an
order is addressed had no money or goods of the purported
drawer in his possession." 19 Cyc. 1382, sec. 6.

The fundamental principle underlying this rule of law
is the fraudulent intention in fabricating the instrument
and is an important element and essential factor in this
crime. If the intention is to defraud by the use of the
forged instrument, it is immaterial whether the fraud is
successfully accomplished, and it is immaterial that the
instrument would have had no validity in effecting the
fraud.

I cite the court to the following cases on the proposi-
tion that it is forgery where the name signed is that of
a person under legal disability, viz.: *Wilcoxen V. State*,
60 Ga. 184; *King* v. *State*, 42 Tex. Cr. 108; *Brewer* v. *State*,
32 Tex. Cr. 74.

On the proposition in a case where the person whose
name is forged is dead, I cite: *Brewer* v. *State*, 32 Tex.
Cr. 74; 22 S. W. 41.

And where a fictitious name is signed, I will cite: *Wil-
liams* v. *State*, 126 Ala. 50; *Thompson* v. *State*, 49 Ala.
16; *State v. Givens*, 5 Ala. 747; *People* v. *Nishiyama*, 135
Cal. 299; *Lascelles* v. *State*, 90 Ga. 347; *State* v. *Hahn*,
38 La. Ann. 169; *People* v. *Warner*, 104 Mich. 337; *State*
v. *Wheeler*, 20 Ore. 192; *Commonwealth* v. *Bachop*, 2 Pa.
Super. Ct. 294; *Hank* v. *State*, —— Cr. App.——54 S. W.
587; *Logan* v. *United States*, 123 Fed. 291.

The principle is thereby clearly demonstrated by these
authorities, if a dead man's name and a fictitious name
can be the subject of forgery, that it is not necessary that
the purported grantor could be shown to have a legal
right to the property described.

This precise point was decided in *West* v. *State*, 22 N. J. Law, 212, and *Henderson* v. *State*, 14 Tex. 503.

*E. J. Ford*, district attorney of the second district, for the state.

The deed purports to have been executed on the 6th day of March 1872 and has every formal requisite of a valid instrument even according to the law as it was then, except that it does not purport to bear the seal of the grantors thereon. Considered by the law of to-day and in fact since 1880 the deed set forth in the indictment appears to be in the regular form of conveyance customarily used in transferring land. Under the law of 1872 it was required that all deeds should have the seals of the parties, and it was insisted by defendant in the lower court that the deed in question not having a seal was therefore legally incomplete, and consequently not the subject of forgery. The attention of the court is therefore invited to the changes made in the law since the time of the purported date of the deed.

In 1880 by the Code of that year the necessity of private seals was abolished as to all instruments "hereafter" executed. Recently thereafter in the case of *Gibbs* v. *McGuire*, 12 So. 829, which case was ejectment in the circuit court, the question of the absence of a seal to a deed executed before the passage of the law of 1890 was considered by the court which held in that case that the law of 1880 was not retroactive and therefore would not validate a deed executed before the passage of the act. This case was relied upon by defendant in the lower court and is mentioned for the purpose of showing that it is not conclusive of the question presented here. In the decision of the case, the court said:

"Counsel's position is that the instrument is not a nullity, but is effectual to convey a complete equitable title, and that all else is a mere question of remedy, and that since by the section of the Code referred to all distinctions of remedy were abolished, the plaintiff may

recover at law, as well as in equity, upon the right given
by the instrument. While the power of the legislature
to have so legislated as to give effect to unsealed convey-
ances according to the intention of the parties is admitted,
we find no evidence of any such purpose in the law. It
does not declare a rule for the past, but for the future;
. . . But there is nothing to indicate that a different
effect was to be given to an instrument previously ex-
ecuted than it had at the time it was executed."

Soon thereafter, the legislature met in 1892 and by the
law of that year, sections 4079-82, changed the provisions
existing prior thereto in that it left out the word "here-
after" altogether. Accordingly the law of 1892 provided
that seals should not be required as to any deeds whether
past or future. Therefore it follows that it is immaterial
whether or not the deed set forth in the indictment pur-
ported to bear a private seal. The right of the legislature
to pass such a law is as the court said in the above
case "admitted," and it was held in the case of *Barnes* v.
*Miltnomish County*, 145 Fed. 697, that such a law is con-
stitutional.

However, outside of the question of the seal, the deed
set forth in the indictment was a perfectly good one in
equity and would have bound the purported grantors,
if the deed had actually been executed by them. This
was expressly held in this state in the case of *McCaleb* v.
Pradat, 25 Miss. 257, and also in the case of *Frost* v.
*Wolff*, 19 Am. St. Rep. 671, a Texas case. Therefore if
the purported grantors could have been affected at all
in their property rights in the land described in the in-
dictment, then the deed is the proper subject of forgery.
This question is fully presented in 16 Century Digest
under the head of Deeds, section 99 and also in 13 Cyc.
556, where numerous cases are cited.

Here we have an instrument with every appearance
of regularity, not only properly acknowledged before a
proper officer, but purporting to have been recorded by

the chancery clerk in 1872, giving the book and page. The deed is sufficient to have deceived anyone including all members of the public, and most lawyers, I submit. The chancery clerk was naturally deceived by it, and by its appearance of regularity was induced to record it as a genuine instrument. It would appear therefore to be a very deficient and incomplete jurisprudence which would not recognize such a case in the law of forgery. Considered by the law of 1910 when it was alleged to have been forged and uttered, the instrument has every legal requirement, and surely the law of Mississippi is broad enough to cover so flagrant a case.

It is therefore respectfully submitted that the court was in error in sustaining the demurrer, and its judgment should, accordingly, be reversed.

*Denny & Denny*, for appellee.

The instrument charged and set out in the indictment as a forged deed bears date, March 6, 1872. Its validity, if genuine, must be tested and determined by the law in force at that date providing the method and manner of conveying land. Section 2302, Code of 1871, was the statutory provision controlling such matters, and defining what would be a valid conveyance of real estate on the 6th day of March, 1872, and it provides that "no estate of inheritance or freehold, or for a term of more than one year, in lands or tenements, shall be conveyel from one to another, unless the conveyance be declared by writing, sealed and delivered; nor shall such conveyance be good against a purchaser for a valuable consideration without notice, or any creditor, unless the same be acknowledged by the party who executed it, or be proved by one or more of the subscribing witnesses to it, that such party signed, sealed and delivered the same as his or her voluntary act and deed." And section 2311 prescribes the form of acknowledgment to such deeds.

The deed and the acknowledgment thereto, as set out in the indictment, are not in compliance with the provisions of the statute above quoted. The deed does not purport to have been signed, sealed and delivered, nor is such alleged in the acknowledgment to have been done. There is no seal on the deed or attached to the signatures of the grantors, nor mention of a seal in the instrument. It is at a variance with the requirements of the statute governing such matters and, therefore, void. The acknowledgement to the deed is also fatally defective, in that it does not, substantially or otherwise, comply with the statutory requirement thereof. It fails to aver that the grantors acknowledged that they signed, sealed and delivered the instrument, and, if the said Arch Dees and J. P. Dees were husband and wife, the prescribed method of taking the wife's acknowledgment was wholly ignored, and it is also void, and, being so, the deed, if valid otherwise, would be a complete deed and valid conveyance admissible to record without acknowledgment.

The Supreme Court of the United States, in *Clarke v. Graham*, 6 Wheat. 577, 5 L. Ed. 334, held:

"A title to lands can only be acquired and lost according to the laws of the state in which they are situate. When a statute prescribes the mode of conveying lands, and although there are no negative words in the statute declaring all deeds for the conveyance of lands executed in any other manner to be void, yet this must be necessarily inferred from the statute in the absence of all words indicating a different legislative intent."

In *Roode* v. *State*, 25 Am. Rep. (Neb.) 475, which appears to be the leading case on the subject, the court held:

"It is well understood that, under the strict rules of common law, the transfer of real estate was by livery and seizen, and therefore, the validity of the transfer of such estate by deed of conveyance depends wholly upon

statutory authority. It seems that the registration of of such deeds of conveyance was intended to stand in the place of livery and seizen; and the validity of registration depends upon the instrument having been first properly acknowledged as required by the statute. Hence, the life and legal effect which such deed acquired is wholly derived from and given to it by the statute, and the execution, acknowledgement and registration of the deed must be strictly within the province of the law, for in these respects the statute cannot be taken as merely directory, but must be considered as matter of substance, and must be strictly pursued. . . . It cannot be maintained upon principle or law that an instrument, absolutely void on its face, and which could work no injury to the person for whom it was obtained, can legally be made the subject of forgery, if not genuine."

This court held in *N. C. R. R.* v. *Hemphill*, 35 Miss. 17, that the deed conveying a freehold interest in land must be under seal; and in *Davis* v. *Brandon*, 1 How. 154, and in *Alexander* v. *Polk*, 39 Miss. 737, it held that an instrument although intended to operate as a deed, and purporting on its face to be a deed, and to be under seal, is, nevertheless, not a deed if it be without a seal or scroll; and in *Gibbs* v. *McGuire*, 70 Miss. 646, 12 So. 829, it held that an unsealed deed, executed prior to the Code of 1880, did not convey the legal title, and cannot now be relied on as evidence of title by plaintiff in ejectment; and in *McPherson* v. *Reese*, 58 Miss. 749, it held that where an action for breach of warranty is brought on a writing declared upon as a deed under seal, but there is no seal or scroll affixed to it, in the absence of any estoppel, it cannot be held a sealed instrument because it recites that it is such; and in *Buntyn* v. *Shippers Compress Co.*, 63 Miss. 94 (1885), it held that a certificate of acknowledgment to a deed which fails to recite delivery, is not entitled to be recorded, and, if recorded, is not constructive notice; and in *Elmslie* v. *Thurman*, 87

Miss. 537, 40 So. 67 (1905), it held that an acknowledgment is fatally defective which merely states that the grantor signed the instrument, but does not state either that he executed or delivered it.

From what is above set forth, we maintain that the deed under consideration here, if genuine, is void and not the subject of forgery, because, as stated in *France* v. *State*, 83 Miss. 281, 35 So. 313, the writing must be such a one that, if genuine, the right or interest of the real owner of the land would be affected; and in *Poythress* v. *State*, 56 So. (Miss.) 168, this court held that whenever the writing alleged to have been forged is void and a nullity and did not affect the rights or interests of anyone, it is not the subject of forgery. When the law prescribes the form for a deed, and for the acknowledgment, it must be substantially complied with to constitute forgery; and again in *Wilson* v. *State*, 85 Miss. 687, 38 So. 46, this court held that an instrument void on its face is not the subject of a forgery, and, in order to be so subject, it must have been capable of working injury if it had been genuine.

*Jas. H. Neville,* for appellee.

The court will observe that the district attorney, in the first and second counts of the indictment, has set out fully the deed and acknowledgment which they allege was forged by appellee in this case. This deed purported to have been made on the 6th day of March 1872, and under the law as it prevailed then in Mississippi, the deed and the acknowledgment are, in my judgment, absolutely void. Section 2302 of the Code of 1871 declares as follows:

"No estate of inheritance or freehold, or for a term of more than one year, in lands or tenements, shall be conveyed from one to another, unless the conveyance be be declared by writing, sealed and delivered; nor shall such conveyance be good against a purchaser for a valu-

able consideration without notice, or any creditor, unless the same writing be acknowledged by the party who executed it, or be proved by one or more of the subscribing witnesses to it, that such party, signed, sealed and delivered the same as his or her voluntary act and deed, before some officer hereinafter authorized to take such acknowledgment or proof."

The court will observe that this deed, made under the law then in existence in Mississippi, to wit, on the 6th day of March, A. D. 1872, bears no pretense of having been made under seal, but simply declares that it was signed by the parties, with no pretense of a scroll or anything else.

Section 2227 of the Code of 1871 declares that when a scroll or any printed impression intended as a seal shall be attached or affixed to any document, it shall be held and deemed to be a sealed instrument. In the deed inder consideration in the indictment, there is no pretense of a seal or of a scroll, or a printed impression, and we therefore unhesitatingly say that this deed is absolutely void, and is not such a paper as forgery can be predicable of.

And further, section 2311 provides the form of acknowledgment to be attached to every deed taken in the state of Mississippi at that time, and it declares that the certificate of the officer shall state that the person who signed the deed acknowledged that he "signed, sealed and delivered the foregoing deed;" and further provides a form where it is acknowledged by subscribing witnesses.

In view of this recital in the record as to the form of the deed, I think I may be pardoned for expressing surprise at the language of the learned assistant attorney-general that he is "at a loss to conceive how a deed could be more effective in form and language and expression than the one now under consideration," and further where he again declares in his brief that "the deed and acknowledgment are both, as far as form is concerned,

in exact conformity with all legal requirements, and if genuine would be absolutely valid in all respects."

Under the law of 1871, as frequently declared by the supreme court of Mississippi, this deed is void, and I shall content myself with a mere citation of the authorities to sustain this position. Sections 2302, 2227 and 2311, Code of 1871; *Alexander* v. *Pope*, 39 Miss. 737; *Gibbs* v. *McGuire*, 70 Miss. 646; *McPherson* v. *Reese*, 58 Miss. 749; *Buntyn* v. *Compress Co.*, 63 Miss. 94; *Elmslie* v. *Thurman*, 87 Miss. 537.

If this deed and the acknowledgment thereto are void, then the indictment must fail, and the action of the court below in sustaining the demurrer must be upheld by this court.

"An instrument lacking a seal cannot be the subject of forgery. So forgery cannot be predicated upon an acknowledged deed, unless the deed pssseesses a validity without such acknowledgment; nor of the acknowledgment itself if invalid." 19 Cyc. 138, section 2, and notes; *Roode* v. *State*, 25 Am. Rep. 475; *Wilson* v. *State*, 85 Miss. 687; *France* v. *State*, 83 Miss. 281.

Under the very latest deliverance of this court, this indictment must fall, and the action of the trial judge in sustaining the demurrer must be upheld. We refer the court respectfully to *Poythress* v. *State*, 56 So. 168.

Cook, J., delivered the opinion of the court.

This is an appeal by the state from the action of the circuit court of Jackson county in sustaining a demurrer to the indictment against defendant, charging him in three counts with the forging and uttering of a deed to one E. H. Davis. The precise point in this case is whether an unsealed deed purporting to have been executed prior to the abolishment of private seals is a subject of forgery. The deed in the present case is set out in full in the indictment, and it is apparently valid and binding on its face, unless the absence of the seal renders the same absolutely void.

In some jurisdictions it has been held that an instrument which the law required to be sealed cannot be the subject of forgery, unless the seal is made a part of the forged instrument. We do not think that this is the rule in Mississippi. Was the instrument which it is alleged defendant forged capable of producing an injury to the parties whose land appears thereby to have been conveyed? It is certain that the alleged forged instrument would not have the effect to convey the legal title to the land described therein, but it is also certain that the deed, if executed by the alleged grantors therein, would have conveyed an equitable title to the grantees. This court in the case of *McCaleb et al.* v. *Pradat*, 25 Miss. 257, in speaking of a deed, said: "Though not under seal, it gives a good equitable title, and on the face of it it shows that the party was acting as agent for the heirs, and intended to sell their interest. It is one of the usual powers of a court of equity to correct a defective execution of a power so as to effect the object designed." The same principle announced in the case just cited is reannounced in the case of *Hines* v. *Imperial Naval Stores Co.*, 58 South. 650, and has become the settled law of this state, whatever may be the law of other states.

Inasmuch as the deed was simply a defective attempt to convey the title to the property, it is clear under the law in this state that it might have injured the grantors to the deed.

We think, however, the demurrer was properly sustained to the third count, because we can conceive of no way in which this instrument could have injured the chancery clerk.

We think the other two counts charge the crime of forgery, and therefore this case is reversed and remanded.

*Reversed and remanded.*