## DANIEL v. KLEIN.*

(En Banc.   Jan. 23, 1928.)

[115 So. 193.   No. 26825.]

1. EQUITY. *Master's findings of fact supported by evidence have effect of jury's verdict on fact issue.*

   A master's findings of fact, when supported by evidence, have force and effect of verdict of a jury on an issue of fact.

2. PARTNERSHIP. *Where each partner furnished equal amount of capital, partner paying loss could recover one-half from the other partner.*

   Where D. paid into business of partnership capital amounting to one thousand dollars against which K. put in his skill and experience, and partnership suffered loss, which was to be borne equally by D. and K., all of which was paid by D., D. could recover from K. one-half of such loss.

3. PARTNERSHIP. *Partner paying amount of partnership's losses could recover interest on one-half such amounts from dates he paid firm liabilities.*

   Where each partner furnished an equal amount of capital and partnership suffered losses which one partner paid, such partner could recover from the other partner six per cent. interest on one-half of losses of business from dates he expended his individual funds in paying liabilities of partnership.

*Corpus Juris-Cyc. References: Equity, 21CJ, p. 624, n. 86; Partnership, 30Cyc, p. 692, n. 58; p. 699, n. 15. On conclusiveness of or weight attached to findings of fact of master in chancery, see annotation in 33 A. L. R. 746; 10 R. C. L. 521; 6 R. C. L. Supp. 611.

APPEAL from chancery court of Lauderdale county.   .
HON. G. C. TANN, Chancellor.

Suit between J. W. Daniel and J. D. Klein.   From the decree, the former appeals.   Reversed and remanded.

*F. K. Ethridge,* for appellant.

We will consider first the first assignment of error by the appellant, which is. as follows: "The court erred in sustaining the exceptions of the appellee to the first report of the master." A careful perusal of the exceptions filed to the first report of master will show that there were no exceptions at all; that they were general, vague, indefinite and uncertain and should not have been considered by the court at all. See Miss. Chancery Practice by Griffith, sec. 605, p. 679; *Lehman* v. *Powe,* 95 Miss. 453.

We will consider next the second assignment of error, which is as follows: "The court erred in sustaining the exceptions of the appellee to the second report of the master." These exceptions were general in their nature and were not exceptions at all. They did not point out specifically the error complained of; the items that were wrong that were not submitted to the master at all and the master given an opportunity to correct any errors that may have been committed by him in his findings, and under the above citation, failing to have submitted same to the master was a waiver by the appellee of any errors or omissions and should not have been considered by the court. For these reasons and the reason that it was not shown that the findings of the master were incorrect on any question of fact and there were no questions of law involved in the findings of the master in addition thereto, this court has held in *Hines* v. *Naval Stores Co.,* 101 Miss. 802, that, "The report of a master appointed by the chancery court to make findings in a case has the effect of the verdict of a jury in so far as it deals with the findings of facts supported by competent evidence." See also Griffith's Miss. Chancery Practice, sec. 605.

*Baskin, Wilbourn & Miller,* for appellee.

See *Heran* v. *Hall,* 35 Am. Dec. 178, where the court states that "where in a joint adventure one furnishes

money and another labor, they are not partners *inter se* in the technical sense merely because they have a mutual interest in the profits, and he who contributes the labor is not liable to him who furnishes the money for any part of the loss in the venture. In this case, if, as we are disposed to consider the more probable, Hall was to furnish no other capital than his services, and, *operam pro pecunia valere,* was, therefore to receive a share of the profits, even had the purchase of the corn been, in fact, joint, he would not be liable for the loss on Herin's capital.'' See, also, *Shea* v. *Donahue,* 54 Am. Rep. 407; Lindley on Partnership.

But it is claimed in this case, as indicated by the appellant's exception to the report of the master, that appellee is responsible for the amount of money that was placed in said venture by the appellant after the contribution of eight hundred dollars. This is not in accord with the rule of law as applicable to this case. It cannot be claimed that the partnership was benefited by the money that was borrowed by the appellant and placed in the said business, as said money was not borrowed by the partnership, but was either borrowed or furnished by the appellant, for such business. In other words, we submit that *Rainold, Inc.,* v. *Waguespack & Dufresne,* 102 So. 594 (La.), as we interpret it, would not make the partnership liable to the appellant for money borrowed and put into said business. The court will observe that in the Louisiana case there was a statute which provided, in substance, that if a debt be contracted by one of the partners of an ordinary partnership who was not authorized, either in his own name or that of the partnership, the other partners will be bound, each for his share, provided it be proved that the partnership was benefitted by the transaction. In other words, under the statute the court will observe that in this case the partnership was not liable for the money borrowed and placed in said partnership business. We further desire to call the court's attention to *Meadows* v. *Mocquot,* 61 S. W.

28, where, we submit, the court follows the authorities heretofore cited to the effect that the appellee is in no wise responsible for the money contributed by the appellant to the business venture of conducting this restaurant or delicatessen.

Argued orally by *F. K. Ethridge,* for appellant.

ANDERSON, J., delivered the opinion of the court.

The master found that appellant paid into the business of the partnership capital to the amount of one thousand dollars, against which the appellee put in his skill and experience. All other funds put into the business by appellant were treated by the master as an indebtedness of the firm to appellant. The master found that the partnership suffered a loss, which was to be borne equally by appellant and appellee, of two thousand fifty-four dollars and thirty-eight cents, all of which had been paid by appellant, and that therefore appellee was liable to appellant for one-half that sum, or one thousand twenty-seven dollars and nineteen cents.

We think there was ample evidence in the case to support the master's findings of fact. A master's findings of fact, when supported by the evidence, have the force and effect of the verdict of a jury on an issue of fact. Griffith's Chancery Practice, section 605; *Hines* v. *Imperial Naval Stores Co.,* 101 Miss. 802, 58 So. 650. Giving the master's findings of fact that weight, we do not think there was sufficient evidence to the contrary to justify the chancellor in overturning such findings of fact. The capital put into the business by appellant, of course, was not to be considered in determining the losses, for the evidence shows that each furnished an equal amount of capital; the appellant furnishing his in money, and the appellee his in skill and experience. Only the assets and liabilities, excluding the capital furnished by the parties, were to be considered. That was the view taken

by the master.  As stated, the operation of the business resulted in losses amounting to two thousand fifty-four dollars and thirty-eight cents, all of which appellant paid.

We think the master's report should be re-established, and appellant should have a decree of one thousand twenty-seven dollars and nineteen cents, one-half of the losses of the business, with six per cent. interest thereon from the dates appellant expended his individual funds in paying the liabilities of the partnership.

The record in the case is in such state that the calculations can be better made, and the proper decree entered, by the trial court, than by this court.

The decree of the chancellor is therefore reversed, and the cause remanded.

*Reversed and remanded.*

Pack, J., took no part in this decision.