CRAWLEY *v.* IVY.*

(Division B. May 21, 1928.)

[117 So. 257. No. 26965.]

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 718, n. 31; p. 890, n. 92; p. 891, n. 99; Equity, 21CJ, p. 610, n. 19; Limitations of Actions, 37CJ, p. 868, n. 11.

See, also, 116 So. 90.

*Wall Doxey* and *Hindman Doxey*, for appellant.

*Lester G. Fant*, for appellee.

PACK, J. Appellee was complainant, and appellant was defendant, in the court below. Reference will be made to the parties herein as complainant and defendant.

Complainant filed his bill on April 2, 1923, the chief averments of which are: That, beginning in the year 1913, complainant, the owner of a farm, rented the same to defendant during each year up to the year 1919, when defendant moved off for a year, but returned at the beginning of the year 1920; that said farm was stocked with cattle, and the parties had a working agreement whereby defendant would care for same and the profits arising therefrom were to be divided between them; that defendant was also to give certain supervision to tenants working other lands of complainant; that, upon defend-

ant's return to the farm, a new agreement was made for 1920, under which complainant was to pay defendant a salary.

The bill further avers that considerable dealings were had between the parties during all such years and there had never been a final settlement between them; that about June 1, 1920, they attempted to have a final settlement covering all transactions up to January 1, 1920; that in making up and listing the items of debit and credit defendant called off the figures while complainant wrote them down; that in so doing a gross error was made, either by defendant in calling the figures from the books or by complainant in writing them down; that as a result of this mistake a totaling of the figures show complainant indebted to defendant in the sum of one thousand two hundred eleven dollars and three cents; that not knowing of said mistake, complainant signed and delivered to defendant a duebill for said sum, and defendant signed a statement of acceptance of said settlement which reads:

"I accept the above statement of J. W. Ivy and on payment of the above duebill this will be receipt in full E. and O. E. as January 1, 1920.

[Signed] GUS. CRAWLEY."

The bill further avers that a correct statement, freed from such mistake, would show defendant indebted to complainant. Appearing in the bill is a statement of charges and credits, including all items for the year 1920, showing a balance due complainant of three thousand three hundred sixteen dollars and thirty-six cents. The bill prayed for cancellation of the alleged duebill on the ground of mutual mistake, and also prayed for the appointment of a master to make up and state an account between the parties.

The answer denied that any mistake was made in the settlement; averred that complainant really owed him more than is shown in the duebill; denied there was a mutual running account between them; avers the rela-

tion of landlord and tenant existed between them; denied that defendant miscalled any figures so as to mislead the complainant; avers that defendant had often tried, but failed, to get a settlement with complainant; and denied the necessity for the appointment of as master. The answer was made a cross-bill, and further averred that complainant was indebted to defendant in various other items set out in the cross-bill.

The statute of limitations as to all the charges, appearing, to be barred, is averred, and, finally, the cross-bill avers that complainant was indebted to defendant, including all transactions of 1920, in the sum of four hundred dollars and nine cents.

Answer to the cross-bill was duly filed, denying all the material allegations thereof. On the presentation of these pleadings to the court, T. Douglas Baird was appointed master to state an account. The order of the court recites:

"Complainant and defendant agreeing thereto in open court that it is necessary that a master be appointed, with power to take and state an account," etc.

The master so appointed heard considerable evidence and reported the evidence to the court, and, in said partial report asked to be relieved, and it was so ordered. Upon relieving Mr. Baird as master, the court appointed E. C. Wright; the order of the court likewise reciting that it was by consent of the parties.

Mr. Wright proceeded to state an account, and in his report found as a fact that the mistake alleged in the bill, at the time of the attempted settlement between the parties, was made, as charged; found a balance due complainant, up to January, 1920, in the sum of eight hundred dollars; and found a total indebtedness due complainant, including transactions for the year of 1920, in the sum of two thousand seven hundred twenty dollars and thirty-four cents.

Exceptions were filed to this report by defendant, and testimony was taken by the court thereon. A final decree was entered approving the report of the chancellor, with the exception of the item of eight hundred dollars.

It is assigned and argued for error that the court erred in appointing a master to state an account. A complete answer to this is that the record shows the appointment was made "by consent of the parties." Having consented thereto, appellant cannot now complain.

It is next contended that the purported agreed settlement should stand, and the court erred in permitting it to be disturbed. Whether there was a mutual mistake upon a material fact in making up the statement showing a balance due Crawley was an issue of fact within the province of the master to decide. The report of the master on an issue of fact has the same effect as the verdict of a jury, and will be approved, if based upon competent evidence. *Hines* v. *Imperial Naval Store Co.,* 101 Miss. 802, 58 So. 650.

Mr. Wright, the second master appointed seems to have gone into the matter fully, and there is evidence to support his report. It was shown in the proof taken before the chancellor on exceptions to the master's report that the account was made up without reference to the statute of limitations. The chancellor seems to have applied the three-year statute of limitations, and disallowed the item of eight hundred dollars, balance due Ivy growing out of all transactions prior to January 1, 1920, the suit being filed April 2, 1923, This left the account for 1920 only, showing the balance not barred, for which the decree was rendered. The action of the court in disallowing the above item forms the basis of the cross-appeal. On all other points the report of the master was approved.

We find no reversible error. There are other assignments of error which we do not consider necessary here to discuss. The case will be affirmed on both direct and cross-appeal.

*Affirmed.*