ILLINOIS CENTRAL RAILROAD CO. *v.* F. B. KING.

1. PRACTICE. *Special exceptions. Motion for new trial not necessary. Waiver.*

     A defendant who declines to move to set aside a verdict against him, preferring to appeal on special bills of exceptions taken during the trial, is not prejudiced in any of his rights as a litigant by refusing plaintiff's offer to consent to set aside the verdict and grant a new trial.

2. RAILROADS. *Unlawful arrest. Agent for two companies. Joint liability.*

     A railroad company is liable for an unlawful arrest and imprisonment, if made by its agent while acting within the scope of his employment, notwithstanding, in doing so, he was acting also for another railroad company.

3. SAME. *Unlawful arrest by agent. Liability of company. Act of 1890.*

     The question whether the act of 1890 (Laws, p. 106), creating depot agents conservators of the peace is unconstitutional as infringing the chartered right of a railroad company to employ its own agents and define their duties, is not involved in an action against such company for an unlawful arrest made by its depot agent while engaged in its service and about its business, for, in the absence of such statute, the company would be liable.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

King brought this action, in August, 1890, against the Illinois Central Railroad Company, to recover damages for an alleged unlawful arrest and false imprisonment by its depot master. Plaintiff was arrested by defendant's depot agent because of his conduct in going into, and making use of, a water-closet set apart for ladies only in the waiting-room of defendant's depot, and was turned over to policemen of the city of Jackson, and by them incarcerated in the city prison.

The case was tried at the June term, 1891. The defense mainly relied on was that the depot master, in making the arrest, was acting as agent of the state, and not of the com-

pany, in view of the act of 1890 [p. '106], which provides that station agents shall be conservators of the peace, with authority to preserve order in the waiting-rooms in their respective stations, and making it their duty to arrest and deliver to the proper officer all persons guilty of disorderly conduct, etc. The agent testified that, in making the arrest, he was controlled by the requirement of the above-mentioned act, and supposed he was discharging the duty imposed upon him by it.

The trial resulted in a peremptory instruction in favor of the defendant, and judgment was rendered accordingly. On appeal by the plaintiff to this court, the judgment was reversed, the court holding that the act of 1890, while imposing upon depot agents the duty of maintaining order in station-houses, yet did not relieve the company from responsibility for the acts of its agents in that respect. See *King* v. *Railroad Co.*, *ante*, p. 245.

The cause having been remanded, was again tried at the January term, 1892. The defendant offered evidence to show that the depot master, at the time of making the arrest, was acting for the Alabama & Vicksburg Railway Co. as well as for defendant. This testimony was excluded, and the defendant excepted. Instructions looking to the same line of defense were asked and refused, and this is made the ground of special exception.

The defendant also offered in evidence the charter of the New Orleans, Jackson & Great Northern Railroad Co., and the connected charters, and the lease by which the Illinois Central Railroad Co. acquired the franchises therein granted, and under which it operates the railroad in question. The purpose of this evidence was to show that the act of 1890, as construed by this court in said opinion, is unconstitutional, because it impairs the obligation of the contracts contained in said charters, under which the defendant claims the right to select its own agents and define their duties. This evidence was excluded, and the defendant excepted.

The trial resulted in ·a verdict for plaintiff for $1,500. Pending the preparation of the special bills of exceptions, the plaintiff offered to consent that the verdict be set aside and a new trial granted, but defendant declined to consent that this be done, and, without moving for a new trial, appealed on the special bills of exceptions.

*Mayes & Harris,* for appellant.

*Calhoon & Green,* for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The proposal of the plaintiff to consent to set aside the verdict he had obtained, and the refusal by the defendant to accept this proposition, did not in any manner affect the right of the defendant as a litigant.

The fact that the station agent was acting for another railroad company, as well as the defendant, did not prevent a recovery by the plaintiff of the defendant. It merely showed that two might have been sued instead of one.

The unconstitutionality of the act of 1890, as being an invasion of the chartered rights of the defendant, is not involved in the decision of this case, since Montgomery, the station agent or depot master, was engaged about his master's business in arresting the plaintiff. He thought he was doing his duty as required by law, and was endeavoring to carry out the act of 1890. If the act of 1890 had not been passed, the company he served would have been liable for an unlawful arrest and imprisonment made by him in the discharge of his duty as depot master, even though he may never have been instructed by the company to arrest and imprison any person.

The truth is, that the act of 1890 was recognized by the railroad company as valid and obligatory. Notice was given as it requires, and the officials of the company, and Mr. Montgomery, depot master at Jackson, considered themselves

bound by it, and undertook to claim the rights and perform the duties it declares; and, now that it has been found to impose liability on the company for an improper exercise of authority under it, the company will not be allowed to successfully assail the constitutionality of the act it has recognized and acted under in the very matter out of which this action arose.

The way to raise the question of the validity of the act of 1890 is open, and is well known to the learned counsel of the railroad company, and, when presented in a shape to call for a decision, one will be made.

We have been much interested by the spirited criticism of counsel for the appellant of the act of 1890, and our declension to respond to it arises solely from the view that the case does not call for or admit of it.

*Affirmed.*