# Alston, *et al. v.* Broadus Cotton Mill.

*Damages for Breach of Contract to Supply Water.*

(Decided July 2, 1907.   44 South. 654.)

1. *Corporations; Agents; General Manager; Authority.*—In the absence of knowledge on the part of the plaintiff that the authority of the general manager of the corporation was limited to the making of contracts in a particular form, the corporation was bound by a contract made by its general manager with plaintiff to supply water, although it differed in some particulars from defendant's usual form of water contract; it appearing that the general manager had authority to make contracts to supply water to third persons.

2. *Same; Evidence.*—In the absence of evidence tending to show that plaintiff knew of the limitation upon the general managers' authority to make water contracts at the time they contracted with reference thereto, it was error to admit evidence showing such limitations of the general manager's authority.

Appeal from Jackson Circiut Court.

Heard before Hon. W. W. Haralson.

Action by N. C. Alston and another against the Broadus Cotton Mill for breach of defendant's contract to supply plaintiffs with water for domestic use, etc. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

It was shown that the contract was a verbal one, and made with Ray as general manager of the defendant corporation. It was shown that the corporation furnished water to residences, business houses, and plants in the usual way. It was shown that plaintiffs, at the

[Alston, et al. v. Broadus Cotton Mill.]

suggestion of Ray, bought the bill of piping that he said would be necessary, and paid for the same in the sum of $42.32, and that plaintiffs also dug the ditch and made the connection, as pointed out by Mr. Ray. The defendant was allowed to show a written contract in force at the time with reference to furnishing water to plaintiff's residence, some distance removed from the farm in question, and was permitted to show, without showing plaintiffs' knowledge of it, that, while Ray was general manager of the corporation, his authority to make water contracts was limited to the written contract offered in evidence.

VIRGIL BOULDIN, for appellant. Corporations must act by agents, and a general manager is one of the highest type of agents in whom full power is vested relative to making contracts and conducting the business of the corporation.—10 Cyc. pp. 924-5. Limitations placed upon his power, not known to the public or party dealing with him is not binding on such parties if within the apparent scope of his powers.—10 Cyc. p: 1151.

JOHN B. TALLEY, for appellee. No brief came to the Reporter.

DOWDEL, J.—There was evidence on the part of the plaintiffs tending to show a contract with the defendant and breach thereof as averred in the complaint and substantial damages. There was a conflict in the evidence as to the terms of the contract. It was not denied that Ray, who made the contract with the plaintiffs, was the general manager of the defendant company, and that he had authority as such to make water contracts; but it was claimed on the part of the defendant that Ray's authority was limited to a particular form of water contract. Unless the plaintiffs had knowledge of this limi-

tation, they would not be bound by it when dealing with Ray within the apparent scope of his powers as general manager of the defendant corporation. It is not denied that he had authority and power to make contracts for the supply of water to third parties, and in his dealing with the plaintiffs he was unquestionably acting within the apparent scope of the powers of his agency.—10 Cyc. p. 924, 2b-3z; 10 Cyc. pp. 925, 1151 (n).

In the absence of evidence showing that the plaintiffs had knowledge of the limitations on Ray's authority as general manager and agent in making contracts for the supply of water, the court erred in admitting evidence against plaintiffs' objection showing a limitation on Ray's authority. For the error pointed out, the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J:, and ANDERSON and MCCLELLAN, JJ., concur.