VICKSBURG WATERWORKS COMPANY *v.* JAMES M. DUTTON.

[53 South. 537.]

1. WATERWORKS COMPANY. *Disconnecting premises.   Liability.   Exem-
plary damages.*

Where a waterworks company disconnected a customer's premises
from its mains, in violation of its contract and of its duty as a
public service corporation in consequence of the gross inattention
to duty of an employe in its office, the question of its liability for
punitive damages was for the jury, although the company's mana-
ger, on discovering the facts within four hours, admitted the mis-
take and offered to reconnect the premises and the customer refused
the offer, affirming that he would make the company pay damages.

2. SAME. *Same.   Excessive damages.*

In such case a verdict in plaintiff's favor for five hundred dollars is
excessive, it should not have exceeded one hundred dollars.

FROM the circuit court of Warren county.

HON. CHARLES S. THAMES, Special Judge.

Dutton, appellee, was plaintiff in the court below; the
Vicksburg Waterworks Company, appellant, was defend-
ant there. From a judgment in favor of plaintiff for

five hundred dollars, the defendant appealed to the
supreme court. The opinion of the court states the facts
of the case.

*J. C. Bryson,* for appellant.

The testimony in this case is not sufficient to warrant
the submission of the question of punitive damages to
the jury. There is no testimony tending to show malice,
willful oppression or wanton wrong, and without such
testimony it was improper for the court below to sub-
mit the question of punitive damages to the jury. *Chi-
cago, etc. R. R. Co.* v. *Scurr,* 59 Miss. 456.

It will not be contended that there was any abusive,
insulting or profane language used, or any threat made
by the waterworks company employes, appellee's reli-
ance for verdict being upon the simple fact of the cut-
ting off of the water after his payment of water tolls.

The rule laid down in the text-books is clearly to the
effect that punitive damages are not recoverable, regard-
less of the motive which actuates the party whose action
is complained of in cases involving a breach of contract
and nothing more with one exception, namely, contracts
for marriage. 12 Enc. (2nd Ed.), 20; Southerland on
Damages, par. 393; *Hay* v. *Ganoble,* 34 Pa. St. 9, 75 Am.
Dec. 628. All of our cases do not seem to make this dis-
tinction and some apparently allow punitive damages for
a breach of contract solely where the motive inducing the
breach was willful or in reckless disregard of the rights
of the injured party; but in each and all of the cases of
this kind, there is an underlying duty imposed by law
to do the things contracted for. While there is a duty
on public service corporations to serve the public, it is
only a duty to enter into a contract to serve, and when
the contract to serve has been entered into and broken,
it does not justify an award of punitive damages unless
some duty imposed by law in addition to the duties cov-
ered by the contract has been likewise breached. This

would narrow the field for the recovery of punitive dam-
ages to some extent and would probably exclude some
of the cases in which this court has sustained the award
of such damages.

If this court should consider this a case of punitive
damages in view of all of the circumstances connected
with it, the award was excessive and it was the duty of
the trial court to cut it down on the motion for a new
trial and having failed to do so it is now the duty of
this court to do so.

*Brunini & Hirsch,* for appellee.

When the water was cut off at about nine o'clock of the
morning, it became absolutely necessary for Dutton to
supply himself with water for his machine shop. It was
necessary for him to employ two of his men to carry up
the water from the canal, some distance away, in order to
keep his engines going. Dutton testified that the use of
the muddy river water, thus taken from the canal, left
a sediment in the engine, and caused him to have to take
the engine to pieces and clean the parts, all of which put
him to heavy expense for labor and in loss of time. The
evidence shows that a representative of the waterworks
company went down to Dutton's place of business to turn
on the water from the waterworks company's hydrants
again, this being between noon and one o'clock of the
afternoon, and Dutton refused to let him turn on the
water, telling the representative that he, Dutton, was
going to make the waterworks company pay for the dam-
age which its action had caused him. Under the instruc-
tions of the court the jury brought in a verdict against
the waterworks company.

The wrongful act of cutting off the water, when appel-
lee was in no way delinquent for water dues, was done
with full knowledge on the part of the appellant that
Dutton had paid his water tolls for the month of May,
the month not yet being ended. The evident intent of

the waterworks company was to force Dutton to sign a new application for continued use of the water on terms desired by the company. Appellant acted arbitrarily, and with knowledge of the appellee's necessities for continued supply of water, and its action in thus shutting off his water supply made the appellant liable in damages.

If there were any explanations to be made in regard to the visit by the company's representative when he went down to appellee's place of business to cut off the water, it was certainly incumbent upon the representative to make them at the time or subsequently on the trial. When the water supply was cut off very few words were spoken, there were no negotiations by the representative with Dutton. Dutton was merely told that the water must be cut off because he, Dutton, had refused to sign application to the waterworks company on the day preceding.

Where a breach of contract amounts to a tort, there may be a recovery for exemplary damages upon proper allegations. 12 Cyc. 20.

If the tortious act of the agent or servant when committed in the business of the principal or master is such as would have subjected the agent to exemplary damages had he been sued for the misconduct of the agent, then the principal or master is liable precisely as if he were the original wrongdoer, although personally and individually he may have been entirely blameless or innocent of anything deserving of punishment. 12 Cyc. 31.

ANDERSON, J., delivered the opinion of the court.

Dutton, the appellee, sued the appellant, the Vicksburg Waterworks Company, a public service corporation, engaged in supplying water to the inhabitants of the city of Vicksburg, for willfully and unlawfully disconnecting his premises from appellant's water mains, and recovered judgment for actual and punitive damages in the

sum of five hundred dollars, from which judgment this appeal is prosecuted.

The material facts in the case, about which there is no dispute, are that appellant, in violation of its contract with appellee, as well as its duty to him as a public service corporation, through the gross inattention to duty of some employe in its office, disconnected appellee's premises from its water mains; that as soon as the manager of appellant company discovered the mistake, and within three or four hours after the water had been disconnected, he admitted to appellee such mistake, and proposed to reconnect his premises, which appellee declined to permit, stating that he proposed to make appellant company pay him damages for the wrong done him.

The court committed no error in submitting to the jury, by the instructions complained of, the question of punitive damages. However, under all the facts and circumstances of this case, the verdict of the jury is so excessive as to evince passion or prejudice, and on that ground, if the appellee does not enter a remittitur reducing the judgment to one hundred dollars, it will be reversed; otherwise, it will be affirmed.    *So ordered.*