# Wooten v. Federal Discount Company.

## Assumpsit.

(Decided April 15, 1913.  62 South. 263.)

1. *Bills and Notes; Exchange; Acceptance; Evidence.*—Where the action was on an acceptance of bills of exchange for goods sold and shipped to a defendant in his mercantile business, evidence that defendant's son, who signed defendant's name to the acceptances, was in charge of the business in the absence of defendant, and conducted it for him, and that the goods were shipped to defendant and put in his store, and some of them sold in the course of business for the use of defendant by his son, and that the son in conducting the business drew checks in defendant's name to pay store bills, and that the acceptances were signed by the son in carrying on the business, was sufficient to prove the execution of the acceptances so as to justify their admission in evidence, notwithstanding the plea of non est factum, and notwithstanding the testimony of defendant that the son was without authority to purchase goods or sign his name to acceptances.

2. *Principal and Agent; Authority of Agent; Evidence.*—The evidence examined and held to support a finding that a son of a defendant had apparent and implied authority to sign acceptances of bills of exchange in defendant's name.

'3. *Same; Apparent Authority; Rights of Third Person.*—The rights of third persons in dealing in good faith with an agent, within the apparent scope of his authority are not affected by secret limitations placed on the agent's authority by the principal.

4. *Same; Authority of Agent; Scope of Business.*—An agent conducting the business of the principal has implied authority to do that which the nature and needs of the business demands in its regular course, and the principal is bound by any act done by the agent which is natural and customary in the management of the business, notwithstanding the secret limitations imposed on the agent.

5. *Depositions; Motion to Suppress; Time.*—Under sections 4042, Code 1907, a motion to suppress a deposition comes too late when not made before entering on the trial.

6. *Charge of Court; In Bulk; Effect.*—Where charges are requested in bulk and some of them are erroneous, the court may properly refuse all.

7. *Same; Ignoring Evidence.*—Charges which ignore material evidence on an issue, and at the same time predicate a recovery upon finding certain enumerated facts, are properly refused.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Federal Discount Company against J. S. Wooten. Judgment for plaintiff and defendant appeals. Affirmed.

J. A. CARNLEY, for appellant. The court erred in permitting the acceptances to be admitted in evidence in view of the plea of non est factum.—Section 3967, Code 1907; *Kirksey v. Kirksey*, 41 Ala. 642; *Bonner v. Young*, 68 Ala. 35; *Ledbetter v. Vinton*, 108 Ala. 644; *Ala. C. M. Co. v. Brainard*, 35 Ala. 476; *Dreyspring v. Loeb*, 119 Ala. 285. The depositions are not admissible and should have been suppressed because of the insufficiency of the certificate to show that the witnesses were properly before the commissioner.—Sec. 4040, Code 1907, and cases cited. Having improperly admitted the acceptances because not shown to have been accepted by defendant, the court should have given the affirmative charge.—*Mobile L. & Ry. Co. v. Hartwell*, 163 Ala. 77. Charges 6, 7, 8 and 9 requested by defend-

ant should have been given.—*Mayes v. Williams*, 27 Ala. 267; *Ala. C. M. Co. v. Brainard, supra; Kirksey v. Kirksey, supra; Garrett v. Garrett*, 64 Ala. 266.

W. W. SANDERS, for appellee. Sufficient facts were shown to authorize the admission of the acceptances, and to put the burden of sustaining his plea of non est factum upon the defendant.—*Robinson v. Green*, 148 Ala. 434; 6 Mayf. 340; *Wheeler v. McGuire*, 86 Ala. 398; 31 Cyc. 1336. The objection to the deposition came too late.—*Irby v. Kitchell*, 42 Ala. 348; Sec. 4042, Code 1907. The defendant was not entitled to the affirmative charge.—*M. J. & K. C. R. R. Co. v. Bromberg*, 141 Ala. 258. So far as appears, the charges were requested in bulk, and many of them were erroneous; some for ignoring material evidence (*Riggsby v. The State*, 152 Ala. 9), and others for requiring the jury to be satisfied instead of reasonably satisfied (6 Mayf. 340) and hence, all were properly refused.

PELHAM, J.—The plaintiff (appellee here) sued in the court below to recover on three acceptances alleged to have been accepted by the defendant in writing and indorsed to the plaintiff before maturity. The defendant filed a sworn plea of non est factum, and the case was tried on the issue tendered by this plea and resulted in a verdict and judgment for the plaintiff.

The evidence showed that the defendant was engaged in a mercantile business located in a town about three miles from his place of residence in the country, and that his son J. L. Wooten, stayed in the store and looked after the interests of his father there. The defendant only visited the store at irregular intervals two or three times each week. The acceptances sued on were three of a series of six bills of exchange given

for goods ordered by the son, J. L. Wooten, for and shipped to the father, J. S. Wooten, the defendant, and used in the business of the father at his store by the son. J. L. Wooten signed and accepted the six bills of exchange by indorsing the name of his father, who owned the business, on them.

It was the defendant's contention on the trial that his son was without authority to sign his name to the acceptances and that he was in no way bound thereby. It is insisted here that, as the defendant's plea of non est factum placed the burden of proving the execution of the acceptances made the foundation of the suit on the plaintiff, the court improperly admitted these instruments in evidence for the reason that their execution by the defendant, or any one authorized by him, was not proven.

The bill of exceptions shows that, before the plaintiff was permitted to introduce in evidence the acceptances made the foundation of the suit, it had offered and read the depositions of two of the plaintiff's witnesses, the answers to the interrogatories propounded to the defendant as the adverse party, and had examined as a witness the son of the defendant.

It was shown by this evidence introduced by the plaintiff that the son, J. L. Wooten, who signed his father's name to the acceptance, was in charge of the defendant's business in the absence of the father, and conducted it for the defendant, his father, and that the goods purchased were shipped to the defendant and put in his store and some of them sold in the course of the defendant's business, and for the defendant's use and benefit, by the son, who was intrusted with the management of the business by the defendant. It was also shown that the son in the course of the conduct and management of the business drew checks in his father's

name on his bank account to pay the bills for the store; and the son in his testimony stated that he signed the acceptances sued upon in his father's name "in carrying on my father's business." Both the defendant and his son stated that the son was only a clerk for his father and had no general authority to purchase goods for the store, but it was shown by the testimony of each of these witnesses that on occasions the son did buy goods in the course of his conduct and management of the business. The first three of the acceptances falling due were paid, and the son testified on this subject, "My father paid the first three of these acceptances when they fell due." It otherwise appeared from the evidence that the son had drawn checks in his father's name to make these payments. One of the plaintiff's witnesses whose testimony was taken by deposition stated that three of the acceptances were paid by the defendant respectively as they fell due, and that on each of these occasions the acceptance was returned to the defendant through the mail, stamped "paid," and that the company selling the goods to the defendant had received several letters from the defendant after receipt of the goods, requesting that certain exchanges be made in the goods purchased. The acceptances, we think, were properly admitted in evidence under this state of the proof as to their execution. It is not contended but that under the issues on which the case was tried the burden of proving the execution of the instruments made the foundation of the suit was on the plaintiff.

The sufficiency of that proof was a question for the jury under proper instructions from the court, and the fact that the father in effect testified that his son was without authority to purchase the goods or sign his name to the acceptances only made a conflict in the evi-

dence on this point that was a matter entirely for the determination of the jury; for, the agent's authority resting in parol, the circumstances shown by the evidence under which the acceptances were executed afforded an inference from which the jury might have found that the son was authorized to sign the name of his father, the defendant, to the acceptances. The evidence afforded inferences from which the jury could find that the transaction was had in the ordinary course of business and in good faith with an agent acting within the scope of the authority apparently conferred upon him in conducting or managing a business for his principal, and the rights of third parties dealing in good faith with the agent within the apparent scope of his authority would not be affected by secret instructions to, or limitations placed upon, the agent's authority by the principal, of which they were ignorant. *Goulding v. Merchant,* 43 Ala. 705; *Montgomery Fur. Co. v. Hardaway,* 104 Ala. 100, 16 South. 29; *Alston v. Broadus Cotton Mill,* 152 Ala. 552, 44 South. 654.

The implied authority to sign the acceptances might have been found to exist under all the facts and circumstances shown by the evidence under which the agent was acting for his principal. In the conduct of the business for the principal the agent would have the implied authority to do that which the nature and needs of the business demanded in its due and regular course, and the principal would be bound by such acts to third parties dealing in good faith on the implied authority, because of the general nature of the agency and the power or authority of the agent to be implied therefrom. The authority of a general agent is measured by the usual scope and character of the business he is empowered to transact, and for any act done by him which is natural and customary in the management of

such business the principal cannot avoid liability because of any secret instructions or limitations imposed on the agent.—*Louisville Coffin Co. v. Shorter*, 123 Ala. 518, 26 South. 298; *Witcher v. Brewer*, 49 Ala. 119; *Tenn. River Trans. Co. v. Kavanaugh Bros.*, 101 Ala. 1, 13 South. 283.

There was evidence also having a tendency to show ratification by the principal of the agent's act in signing the acceptances that would authorize the admission of the acceptances in evidence, even though the act of the agent in the first instance was entirely unauthorized.

One of the assignments of error insisted upon relates to the court's having overruled the defendant's motion to suppress two depositions. The bill of exceptions sets out the answers of the witnesses to the interrogatories and then recites that a motion was made to suppress the depositions. It is shown that the objection to suppress was not made before entering on the trial, and comes too late.—Code, § 4042.

From what we have said it will appear that it is our opinion that the court properly refused the general charge requested by the defendant. The caption set out in the bill of exceptions to the written charges requested by the defendant show that they were requested in bulk.—*Town of Vernon v. Wedgeworth*, 148 Ala. 490, 496, 42 South. 749. The court cannot be put in error for refusing them, as they include the general charge. They could each have been refused on the ground, also, that they require a finding for the defendant on predicates entirely ignoring the proposition of ratification, as well as being otherwise faulty.

The rulings of the circuit court are free from error, and its judgment must be affirmed.

Affirmed.