(91 South. 315)

PATTERSON v. WILLIAMS. (8 Div. 374.)

(Supreme Court of Alabama. Oct. 20, 1921.)

Principal and agent ⊖⊃116(1)—Authority of agent measured by that actually conferred as to principal, but measured as to that apparently conferred as to other parties.

As between the principal and the agent, the scope of authority is that actually conferred, and may be limited by secret instructions and restrictions, but, as between principal and third persons ignorant of the extent of the authority, the scope of the authority is that which the principal has held out the agent as possessing, or which he has permitted the agent to represent that he possesses.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Assumpsit by W. B. Williams against C. D. Patterson. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

Mrs. Bauer attached the furniture of one Triplet for rent, and the furniture was claimed by Mrs. Triplet, who was the daughter of the plaintiff, W. B. Williams. Mrs. Triplet had been deserted by her husband, and her father came to Albany to assist her, and, in order to release the furniture from the attachment suit, deposited with C. D. Patterson the sum of $90, and he and Patterson made the bond required of Mrs. Triplet. These transactions were had in the office of Mr. E. C. Nix, an attorney, and when the case was disposed of Nix paid the judgment of $57.50, costs, $9.90, attorney's fees, $15, and forwarded Williams a check for $7.50.

E. C. Nix, of Albany, for appellant.

The giving of the affirmative charge for the plaintiff was error. First, the evidence was not sufficient to find that Nix was the agent of the plaintiff in collecting the money from Patterson. 43 Ala. 705; 31 Cyc. 123–26. Second, from the actions of the plaintiff the defendant could reasonably infer, that Nix was held out by the plaintiff as an agent with authority to collect the money. 31 Cyc. 1333; 104 Ala. 100, 16 South. 29.

Callahan & Harris, of Decatur, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. Plaintiff, residing at Birmingham, had a daughter residing at Albany, Ala., who was being sued by attachment to enforce the collection of rent, and he came to Albany to adjust the matter, deposited with defendant, through his attorney, Mr. Nix, the sum of $90 to protect said defendant in mak-

ing the required bond. The bond was duly executed by the two parties in interest, Mrs. Triplet and plaintiff, Williams, and said Patterson. The latter did not know the terms of employment of the attorney or whether Mrs. Triplet or Williams employed him.

Later settlement was made by the attorney, who took the fund deposited with Patterson, and disbursed the same, paying $57.-50 to plaintiff in attachment, $7.50 costs, applied $15 on his fee, and remitted the balance to Mrs. Triplet, who returned the same and repudiated his authority. The testimony shows without conflict that the reasonable value of professional services rendered by Mr. Nix to plaintiff or his daughter was $15. The general affirmative charge was given for the plaintiff, which is now assigned as error.

A careful examination of the evidence discloses that the reasonable inferences that may have been drawn therefrom, as affecting defendant Patterson, were that Nix was the agent of plaintiff in collecting the money from Patterson. Of this Mr. Nix testified:

"When Mr. Williams started to leave my office * * * he thanked me * * * for my assistance to him and his daughter," and said "for me to go ahead and settle the matter up in the best way I could, getting as much off as I could, and write them."

An agent's authority is measured by the powers which his principal has caused or permitted him to "seem to possess." As to third persons without knowledge or notice, it is not limited to the powers actually conferred and those to be implied as flowing therefrom, but includes as well the apparent powers which the principal by reason of his conduct is estopped to deny. Golding v. Merchant, 43 Ala. 705, 719; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 South. 63; Roberts & Son v. Williams, 198 Ala. 290, 73 South. 502; 31 Cyc. 1335, 1336.

The defendant, Patterson, was in no wise interested in the transaction, nor profited thereby; he was merely a third party, passing the office of Attorney Nix, and was requested by the latter to make necessary bond for Mr. Williams, a stranger in the community. This deposit made by Williams was a fact that may have warranted a jury in drawing the conclusion that Nix was Williams' attorney, with authority to settle or dispose of the fund; that is, the reasonable inference drawn from the evidence by the jury was that defendant might reasonably infer that Mr. Nix was held out by the plaintiff as his attorney and agent, with authority to collect the money and disburse the funds so deposited for the purposes of the deposit. There is application of the rule that, as between the principal and agent, the scope of the latter's authority is "that authority which is actually conferred upon him by his principal" may be limited by secret instructions and restrictions; but, as to third persons ignorant of the extent of the agent's authority:

"As between the principal and third persons, mutual rights and liabilities are governed by the apparent scope of the agent's authority which the principal has held out the agent as possessing, or which he has permitted the agent to represent that he possesses and which the principal is estopped to deny."

Such apparent authority is the real authority so far as affects the rights of a third party without knowledge or notice. Montgomery Furniture Co. v. Hardaway, 104 Ala. 100, 16 South. 29; Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46; Southern States Fire Ins. Co. v. Kronenberg, supra; Roberts & Son v. Williams, supra; Alston v. Broadus Cotton Mills, 152 Ala. 552, 44 South. 654; Wooten v. Federal Discount Co., 7 Ala. App. 351, 62 South. 263; 31 Cyc. 1333.

A consideration of the whole evidence shows it to have been susceptible of the reasonable inference that Mr. Nix was the agent and attorney of plaintiff in the attachment suit, and in collecting the money from Patterson and disbursing it as he did. A jury question being presented, there was error in giving the general affirmative charge. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.