(96 South. 73)
## SOUTHERN RY. CO. v. HALL.
### (6 Div. 753.)

(Supreme Court of Alabama.   April 12, 1923.)

**1. False imprisonment ⬅➡20(1)—Complaint held to state cause of action.**

A complaint in two counts, each averring a wrongful arrest and imprisonment caused by defendant's agent acting within the scope of his employment, one averring imprisonment in a jail and the other outside of jail, and each averring an injury to plaintiff as a proximate consequence thereof, *held* to state a cause of action in each count; a wrongful arrest and imprisonment even for a moment of time, whether based on a criminal charge or not, whether in or out of jail, giving a complete cause of action, and it was unnecessary for the counts to disclose the offense charged against plaintiff.

**2. False imprisonment ⬅➡27—Evidence of condition of freight car broken into held admissible.**

In an action for wrongful arrest and imprisonment on a charge of stealing apples from a car in defendant's train, it was not error to permit a witness for plaintiff to testify that the car, when inspected several hours before the arrest, showed signs of having been tampered with.

---

**3. Appeal and error ⬱1051(2)—Admission of testimony as matter shown by other evidence held not error.**

In an action for wrongful arrest and imprisonment on a charge of stealing apples from a car in defendant's train, it was not error to permit plaintiff's witness to refer to "this car of apples," when the evidence as a whole clearly indicated that all the witnesses were referring to the same car, the one from which plaintiff was charged with stealing.

**4. Witnesses ⬱236(2)—Preliminary questioning to witnesses to identify time and place held not error.**

In an action for wrongful arrest and imprisonment, permitting plaintiff to ask his witness if he "recalled the day on which" plaintiff "was arrested for going in a car of apples" *held* not error; the question being simply preliminary for the purpose of identifying the time and place of the subject-matter of the suit, and being limited to that purpose, and not for the purpose of showing plaintiff's arrest, of which the witnesses have no knowledge.

**5. Trial ⬱54(1)—Admission of testimony for limited purpose held not error.**

In an action for wrongful arrest and imprisonment on a charge of stealing apples from a car in defendant's train, the admission of testimony for plaintiff that one of defendant's employees had called attention of the witnesses "to this car being open" *held* not error; the evidence being admitted and limited for the purpose of making a report which the employee was required to make, and not for the purpose of showing that the car had been opened.

**6. Appeal and error ⬱1051(2)—Error in admission of testimony held harmless.**

Error in the admission of testimony as to a fact shown by undisputed evidence is without injury.

**7. Evidence ⬱123(8)—Questions by defendant's agent after arrest held part of res gestæ and admissible.**

In an action against a railroad for false imprisonment by their agent, a special policeman, based on an arrest of plaintiff and another about a car of apples, where plaintiff was shown to have been on top of the car and his companion inside of the bunker, and that after the arrest of plaintiff defendant's agent had shut up the bunkers of the car, leaving plaintiff's companion inside, testimony that defendant's agent thereafter asked plaintiff's companion "How he was making out"—that is, if he could get air—*held* part of the res gestæ and admissible.

**8. Evidence ⬱123(8)—Testimony held part of res gestæ and admissible on question of length of imprisonment.**

In an action for damages for false imprisonment against a railroad company, testimony that after plaintiff's arrest by defendant's agent, while about a car of apples, defendant's yardmaster had requested the agent having plaintiff in his custody to release him so that plaintiff might complete his work, stating that he could be thereafter apprehended, *held* a part

of the res gestæ and admissible as tending to show how long plaintiff was detained.

**9. Witnesses ⬱268(1) — Cross-examination held legitimate as showing innocence of person arrested.**

In an action for wrongful arrest and imprisonment on a charge of stealing apples from a freight car, where defendant's agent causing the arrest testified that plaintiff had apples in his pockets when arrested, but that they were not taken from him, and the plaintiff had testified that he had no apples, it was not error to permit plaintiff on cross-examination to ask the witness the question, "Isn't it customary for a police officer to take the evidence when he arrests a man? to which the witness replied, "Yes, sir;" such cross-examination being legitimate as tending to show plaintiff had no apples on his person.

**10. False imprisonment ⬱39—Agency with authority to arrest held for jury.**

In an action against a railroad for wrongful arrest and imprisonment, evidence *held* sufficient to go to the jury on the question whether the person making the arrest was defendant's special police agent at the time with authority to make arrests.

**11. Trial ⬱260(1)—Denial of charges covered by others given not error.**

Denial of requested charges which are covered by other charges given is not error.

**12. Trial ⬱251(2)—Denial of instructions relating to count of complaint previously stricken not error.**

In an action for false imprisonment, denial of requested charges relating to a count which had been withdrawn or stricken is not error.

**13. Appeal and error ⬱1078(4)—Assigned errors not argued in brief will not be considered.**

Assignments of error in the court's refusal of requested charges will not be considered on appeal where such errors are not argued in appellant's brief.

**14. False imprisonment ⬱35—Punitive damages may be recovered.**

Punitive damages may be recovered for a wrongful arrest and imprisonment when based on evidence that there was no probable cause for the defendant to believe plaintiff guilty, and, though the lack of probable cause does not in itself establish malice, it may justify the jury in concluding that the motive prompting the arrest was malice.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by H. O. Hall against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

A complaint based upon false arrest should disclose the offense for which plaintiff was arrested. Tutwiler C., C. & I. Co. v. Tur-

vin, 158 Ala. 657, 48 South. 79; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Sanders v. Davis, 153 Ala. 375, 44 South. 979. The declaration of an agent against his principal as to a past transaction is not admissible in evidence against the principal. M. L. & R. Co. v. Baker, 158 Ala. 491, 48 South. 119; M. & C. R. Co. v. Womack, 84 Ala. 149, 4 South. 618; Bank v. Taylor, 196 Ala. 665, 77 South. 264; Tenn. Co. v. Kavenaugh, 93 Ala. 324, 9 South. 395; Chewning v. Ensley Ry. Co., 100 Ala. 493, 14 South. 204; Gambill v. Fuqua, 148 Ala. 448, 42 South. 735. In order to recover against the principal for acts of the agent, there must be proof that the agent was acting within the line and scope of his employment. Ala. F. & I. Co. v. Rice, 187 Ala. 458, 65 South. 402; Barker v. Dairymen's Milk Prod. Co., 205 Ala. 470, 88 South. 588; Addington v. Am. Cast. Co., 186 Ala. 92, 64 South. 614; Wells v. Henderson Co., 200 Ala. 262, 76 South. 28, L. R. A. 1918A, 115; Republic Co. v. Self, 192 Ala. 403, 68 South. 328, L. R. A. 1915F, 516; Republic Co. v. Passafume, 181 Ala. 463, 61 South. 327; McKain v. B. & O. R. Co., 65 W. Va. 233, 64 S. E. 18, 23 L. R. A. (N. S.) 289, 133 Am. St. Rep. 964, 17 Ann. Cas. 634.

London, Yancey & Brower, of Birmingham, for appellee.

The complaint was not subject to demurrer. Hotel Tutwiler Operating Co. v. Evans, 208 Ala. 252, 94 South. 120; Am. Ry. Exp. Co. v. Summers, 208 Ala. 531, 94 South. 737; Sokol Bros. v. Gate, 208 Ala. 107, 93 South. 724.

MILLER, J. This is a suit by H. O. Hall, plaintiff, appellee here, to recover damages from the defendant, Southern Railway Company, a corporation, the appellant, for an alleged wrongful arrest and imprisonment of him by H. H. Moreland, an agent of the defendant, while acting within the line and scope of his employment. There was a jury trial, verdict in favor of the plaintiff, judgment thereon by the court, and this appeal is prosecuted by the defendant from said judgment.

There are two counts in the complaint on which the case went to the jury. These counts were numbered 1 and 2, and were amended several times. Demurrers to each as amended were overruled.

[1] Count 1 avers defendant's servant or agent, H. H. Moreland, acting within the line and scope of his employment as such, wrongfully arrested and imprisoned plaintiff for two hours, as a proximate consequence of which he was greatly humiliated, embarrassed, disgraced, etc.

Count 2 is the same as count 1, except it avers defendant's said servant wrongfully caused the plaintiff to be arrested and imprisoned in jail a greater part of one night and the next day, and as a proximate consequence he was greatly humiliated, etc.

Each count avers a wrongful arrest and imprisonment of the plaintiff; one avers that it was by, and the other it was caused by, the defendant's agent, Moreland, while acting in the line and scope of his employment; one avers the imprisonment was in jail, and the other outside of jail; and each avers an injury to plaintiff as a proximate consequence thereof. These averments in each count state a cause of action.

In Rich v. McInerny, 103 Ala. 353, 15 South. 665, 49 Am. St. Rep. 32, this court wrote:

"For instance, it was never intended to be decided that a wrongful imprisonment, not based upon a criminal charge, would not give an action of trespass for false imprisonment."

A wrongful arrest and imprisonment, even for a moment of time, whether based upon a criminal charge or not, whether in or out of jail, gives a complete cause of action. It was not necessary for the counts to disclose the offense charged, if any, against the plaintiff. Strain v. Irwin, 195 Ala. 414, headnotes 4, 5, 70 South. 734; Sokol Bros. Fur Co. v. Gate (Ala. Sup.) 93 South. 724, headnote 1;[1] 19 Cyc. 325; Rich v. McInerny, 103 Ala. 353, 15 South. 663, 49 Am. St. Rep. 32.

Demurrers of defendant to counts 1 and 2 of the complaint as amended were properly overruled by the court.

A car, No. U R T 1421, shipped from Yakima, Wash., to Selma, Ala., consigned to Childers Bros., was broken into, and some of the apples were missing. It reached Birmingham, Ala., on January 21, 1921. About 7 o'clock in the afternoon of that day the car was being transferred from one place to another in Birmingham to be shipped to Selma by the employés of the defendant. The plaintiff was on top of the car, a Mr. Bailey was in the bunkers of the car, and H. H. Moreland got on the car, shut Bailey up in the bunker of the car, and told plaintiff to remain where he was; said Moreland shooting his pistol several times. There was evidence that Bailey was in the bunker answering "a call of nature," and there was evidence to the contrary. The plaintiff and Bailey were employés of the defendant, and were at the time on the train in the performance of their duties aiding in transferring cars from one place to another.

[2, 3] The court did not err in permitting the witness to testify that the car, when inspected in Birmingham by him several hours before this time, showed signs of having been tampered with; "the bunkers were empty; wire netting was pulled off between ice bunker and the body." The evidence tended to show that this was the same car from which the plaintiff was arrested for stealing apples. It tended to show some one else, and not defendant, had broken into it. Nor did the

---

[1] 208 Ala. 107.

court err in allowing witness Bogan to refer to this car of apples, as the evidence as a whole clearly indicates that all the witnesses were referring to the same car of apples, the one from which the plaintiff was charged with stealing apples.

[4] Plaintiff asked his witness Mr. Plecker if he "recalled the day on which Mr. Hall was arrested for going in a car of apples," to which he replied, "My recollection is that he .was arrested that night." These were simply preliminary questions to identify the time and place of the subject-matter of the suit, and they were limited to that purpose, and were not questions to show the arrest of the plaintiff, as to which this witness had no knowledge. In this the court did not err.

[5, 6] Witness Plecker was foreman of a switch engine of the defendant, and the court properly permitted him to state that a switch-man, Bogan, called his attention "to this car being open." There was evidence that it was the duty of Bogan, when he found a car open, to report it. This evidence was admitted and limited for the purpose of making the report, but not for the purpose of showing the car had been opened. This, if error, was without injury, as the undisputed evidence showed the car had been opened; that a person could run his hand through the opening and with ease get apples from the boxes. The defendant's evidence was clear that it was in that condition when Mr. Moreland got on the car at 7 o'clock that evening.

[7] When Bailey was shut up in the bunker of the car by Moreland and the plaintiff was on the top of the car, it was not error for Moreland to be asked in the presence of plaintiff if he did not state to Bailey, "Can you get air," and for him to answer, "I asked him how he was making out." This was a part of the res gestæ. They had been taken in charge by Moreland.

[8] The court permitted evidence to go to the jury that while Moreland had plaintiff and Bailey in his charge and custody, shortly after the alleged arrest, the yardmaster of the defendant requested Moreland in the presence of plaintiff to release them, to permit them to go on and do their work, and, if necessary, they could be taken in custody later, and that Moreland at his request did release them. The plaintiff was present, and at the time Moreland, special agent of the defendant, had them in his custody and control. This was part of the res gestæ, and the evidence was relevant and competent to go to the jury. It tended to show how long he was detained by the defendant; how long he was imprisoned by the defendant.

[9] On cross-examination plaintiff asked Moreland the following question: "Isn't it customary for a police officer to take the evidence when he arrests a man?" to which he replied, "Yes, sir; that is customary." This was not error under the circumstances. The plaintiff had testified he had no apples, had none in his pockets when arrested, took none from the car, and neither he nor Bailey were guilty of the charge of stealing apples from the car. Moreland had testified on direct examination by defendant that when he went on the apple car that evening he found it had been opened; that Bailey was in the bunker of the car, where the apples could be drawn from the car through an opening, and plaintiff was on top of the car and had apples in his pockets; that he did not take the apples from him then nor at the time he released him at the yardmaster's request; that he was working for the defendant at the time, and had been a police officer for eight years. This questioning of the witness on cross-examination under the circumstances was legitimate; it tended to show plaintiff had no apples on his person when arrested.

The evidence tended to show that during that night Moreland, with a policeman of Birmingham, came to where the plaintiff and Bailey were, and they were arrested and carried to the city jail, where plaintiff remained until the next day, when he was released on bond.

The general affirmative charge with hypothesis was requested by the defendant as to the complaint and as to each count of the complaint, each being refused by the court.

[10] The appellant insists there was no evidence introduced tending to show that the appellant's alleged agent, Moreland, was authorized to make arrests on its behalf. Moreland, witness for the defendant, testified:

"I worked for the Southern at the time of this occurrence. * * * I was standing concealed at the end of a box car, and I saw this car coming, this particular car. I knew what was in it, and knew what it was tagged. I saw a man on top of it in a stooping position, and I left my hiding place as the car pulled along even with me and caught the grabirons at the back end and went up on top of this car."

The plaintiff and Bailey were then taken in his custody. Moreland stated he shot his pistol off several times "to attract the attention of one of our men to come to me or call police headquarters to get somebody to me." He further testified:

"I have been a police officer eight years before I became a special police for the Southern Railway. This happened on January 21, 1921, and I had been working for the Southern since November, 1920."

Mr. Plecker, witness for plaintiff and foreman of a switch engine for the defendant, testified he had been with defendant 26 years; that he knew H. H. Moreland, and that "he [Moreland] has been around the yards something like a year; he was special agent of the Southern Railway out there at that time;" that Moreland held the plaintiff "under arrest or for further investigation" until the yardmaster of the defendant importuned and induced him to release him until he

could finish his work for the day. Mr. Burgess, witness for defendant, was a police officer of the city of Birmingham, and he went with Moreland to where the plaintiff was that night. He testified:

"I saw the car that contained the apples. Mr. Moreland, the special agent, pointed out the car to me. * * * He [Moreland] told me he caught them down in this car and later turned them loose on request of somebody else so they could untie traffic in that yard. I was on duty that night. It was something after 11 o'clock when he came down to the city hall and got me to go out there and take them up and bring them to jail. I did not find any apples on Hall or Bailey when I arrested them. The Southern Railway paid my way to Selma, but I was not working with them at that time."

This witness (policeman) went to Selma afterwards at the instance of the defendant to investigate the condition of the apple car. H. H. Moreland at the time was a special police agent for the defendant, having held that position for a year, and from the foregoing testimony and other circumstances shown by the evidence in the record there was sufficient evidence to carry the question to the jury whether Moreland was a special police agent of the defendant at the time with authority to make the arrests. Patterson v. Williams, 206 Ala. 527, 91 South. 315.

The evidence of defendant tends to show the plaintiff and Bailey were caught in the act of and just broken into and entered a railroad car with intent to steal upon a railroad in this state, in which car there were apples for transportation; this car was on the track and in possession of defendant. This was a felony, if true. Section 6417, Code 1907.

When a public offense is committed in his presence, a private person may arrest for it, and when a felony has been committed, though not in his presence, the person who committed the felony may be arrested by a private person, on any day and at any time. Sections 6273, 6274, and 6275, Code 1907. The defendant, if a person, and if its contention is true, would have been authorized under its evidence, if true, and the law, to do what its special police agent did—take charge of and detain or arrest and imprison the plaintiff. It was a question for the jury to decide under the evidence whether the special police agent Moreland had express or implied authority from the defendant to arrest the plaintiff and imprison him under circumstances, if true, where the defendant could have done so. Gambill v. Fuqua, 148 Ala. 448, 42 South. 735. It results that these general affirmative charges requested by the defendant in its favor were properly refused by the court.

[11] Charges 6 and 7 requested by the defendant and refused by the court are covered by written charges 8 and 12 asked by the defendant and given by the court. This principle of law was given to the jury in the oral charge of the court.

The record shows the following agreement in open court:

"Counsel for plaintiff and counsel for defendant agree in open court that, if the case is submitted to the jury, the only issue to be submitted to the jury on the question of liability is one of probable cause."

The case was submitted by the court to the jury, and the court charged them orally in part as follows:

"The issue is boiled down, I am authorized to say to you by consent of counsel, to the question of probable cause, and by 'probable cause' is meant this: Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the defendant is guilty of the offense charged. That is the question before you—one of probable cause. If you should say that he was arrested without probable cause, then you address yourselves to the question of damages. If he had probable cause, then, of course, that would end the matter."

Under the agreement and oral charge of the court, defendant cannot justly complain of the court's ruling in refusing charges 6 and 7. Written charges 10, 13, and 17, requested by the defendant, were refused by the court. They relate to evidence admitted under the third count of the complaint. Count 3 averred plaintiff was arrested under warrant by Kenneth Charlton, as United States commissioner, on a charge of larceny, which charge has been judicially investigated, the prosecution ended, and plaintiff discharged before the commencement of this suit.

The court instructed the jury in its oral charge that this count, No. 3, "has been withdrawn or stricken, leaving solely counts 1 and 2," and further:

"I have admitted evidence all the way through on the idea that the three counts were in, but, of course, the third count being stricken with reference to malicious prosecution, evidence that is peculiarly applicable to that phase of the matter is withdrawn from your consideration."

[12] Under the foregoing agreement of the parties in open court, the court did not err in refusing charges 10, 13, and 17, if otherwise correct, which we do not decide, as they related to count 3 and the evidence offered to sustain it, which the court informed the jury had been withdrawn from their consideration. The defendant cannot complain at the court's action in refusing charges 10, 13, and 17 under agreement of the parties in open court, which was explained by the court to the jury, by which the issue was limited "to be submitted to the jury on the question of liability is one of probable cause," with which

209 ALA.—16

agreement the court complied by so charging the jury orally.

[13] Written charges 18, 19, and 20, requested by the defendant, were refused by the court, and are assigned as errors, but are not argued in brief of appellant, so they will not be considered by this court on appeal. Daniel v. Bradford, 132 Ala. 262, 31 South. 455; West. Ry. v. Russell, 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24.

[14] The court did not err in refusing to give the following written charge requested by the defendant:

"The court charges the jury that they cannot award plaintiff any punitive damages."

These counts charge a wrongful arrest and imprisonment. There is evidence, if believed by the jury, that sustains the averments of each count. Punitive damages may be recovered for a wrongful arrest and imprisonment when based on evidence that there was no probable cause for the defendant to believe plaintiff guilty of the alleged offense, for which he was arrested and imprisoned. If he was arrested and imprisoned without probable cause, then this in itself does not establish malice, but it may justify the jury in concluding that the motive prompting the arrest and imprisonment of plaintiff was malicious. McLeod v. McLeod, 73 Ala. 42; Steed v. Knowles, 79 Ala. 446; Abingdon Mills v. Grogan, 175 Ala. 247, 57 South. 42.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.