BOUNDS *et al. v.* WATTS.

(Division B. Jan. 12, 1931.)

[131 So. 805. No. 28976.]

**J. C. Shivers**, of Poplarville, and **Grayson B. Keaton**, of Picayune, for appellant.

J. E. Stockstill and M. L. Alexander, both of Picayune, for appellees.

310

Argued orally by **J. C. Shivers** and **G. B. Keaton**, for, appellant, and by **J. E. Stockstill**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, John Bounds, was a police officer in the city of Picayune, and having received information that appellee Watts was drunk and was using profanity in a public place, the officer proceeded to the place and found appellee then and there presently drunk, whereupon the officer arrested appellee, and appellee having made violent resistance, it became necessary, in order to effectuate the arrest, for the officer to strike appellee several times with a policeman's club. The foregoing is the statement, in brief, of the officer, and is the theory supported by the testimony adduced in his behalf. On the other hand, appellee denies that he was drunk or that he was using profanity, or that he made any resistance to the arrest; and contends that the arrest, being without warrant, was in the first place unlawful, and in the second place, the use of the club by the officer when no resistance was being made was a wanton assault and battery without excuse, for which punitive as well as compensatory damages were sought.

There was a sharp conflict in the testimony on all issues, so that the case became one in which particular

care was necessary in the matter of instructions to the jury. There is an irreconcilable conflict between several of the instructions granted for the plaintiff and those given for the defendant, as to which we say only that those tendered and used by defendant were correct both in theory of law and in accuracy of expression. Beyond this general observation, we think it necessary to notice in particular only two of the instructions for plaintiff.

Instruction No. 2 is in the following language: "The court instructs the jury for the plaintiff, that the malice required for the recovery of punitive damages in this case, need not amount to ill-will, hatred, or vindictiveness, of purpose; it is sufficient if the defendant was guilty of a wanton disregard of the rights of the plaintiff, at the time and place of the alleged arrest, by then and there using violence and force beyond that which was necessary to cause the plaintiff, to submit to arrest, and be carried to jail." The elements necessary for the allowance of punitive damages are that the actions of the defendant were prompted by willful and conscious wrong, or by actual malice, or by conduct so grossly negligent and inexcusable as to amount to a reckless disregard of the rights of the opposite party. It is, of course, not enough that the rights of the opposite party may have been invaded negligently or merely that a wrong was done, for, if so, punitive damages would be the general rule rather than one to be applied in extreme and exceptional cases. While the quoted instruction evidently had the correct rule in mind, it will be seen nevertheless that in its resume or concluding portion there is the charge that punitive damages may be allowed, if only the jury should find that more force was used than necessary. In other words, that as applied to this case the elements necessary to support a punitive verdict may be implied out of the simple fact of the excess. Exemplary damages in a case such as this involve the proposition that the injuries were consciously intended to be excessive, rather than the simple fact that they happened to

be excessive; or else the equivalent doctrine that the excessiveness was brought about by conduct so indifferently reckless as to be morally tantamount to conscious intention. For all we can tell from this record, the jury may have been of the opinion that the officer mistakenly used too much force, although not conscious of it at the time, and without being actuated by a reckless indifference.

Instruction No. 8 for the plaintiff is in the following words:

"The court instructs the jury for the plaintiff that if they believe from a preponderance of the evidence in this case that John Bounds while acting as the city police officer, went to plaintiff, Tom Watts, in the Coney Island Cafe and jerked him off of the stool where he was eating, and then and there struck him with the said "Billy" or club under either or all of the state of facts, to-wit:

"No. 1. At the time that he had no warrant commanding him to arrest and take the body of the said Tom Watts, or:

"No. 2. That at the time and place that the said Tom Watts was not violating any of the laws of the state or ordinances of the city of Picayune, either by being unlawfully drunk in a public place and in the presence of two or more persons, and/or using unlawfully profane and vulgar, or indecent language in a public place, in the presence of two or more persons; that the said arrest, or attempted arrest and the striking and beating of the said Tom Watts was without authority of law and the jury should find a verdict for the plaintiff and assess his damages at such a sum as they see fit."

This instruction, besides being drawn in a manner which might mislead the jury, contains the final charge that the jury may assess damages "at such sum as they see fit." When an instruction clearly advises the jury that as to punitive damages, if they find such damages at all, they may award damages of that character in such

amount as they "see fit," the instruction is not erroneous. Yazoo & M. V. Railroad Co. v. Williams, 87 Miss. 344, 39 So. 489. When, however, an instruction containing this unqualified language is not thus separately directed, and its terms are so unguarded as to allow it to be applied to compensatory as well as punitive damages, then there is reversible error, Yazoo & M. V. Railroad Co. v. Smith, 82 Miss. 656, 35 So. 168, particularly if, as in this case, it is the only instruction on the measure of damages.

Reversed and remanded.