## ATKINSON v. DIXIE GREYHOUND LINES, Inc., et al.

## DIXIE GREYHOUND LINES, Inc., et al. v. ATKINSON.

### No. 10662.

Circuit Court of Appeals, Fifth Circuit.

June 7, 1944.

Rehearing Denied July 11, 1944.

WALLER, Circuit Judge, dissenting.

Ross R. Barnett and Frank F. Mize, both of Jackson, Miss., for Lamar C. Atkinson.

W. H. Watkins, of Jackson, Miss., and William S. Henley, of Hazlehurst, Miss., for Dixie Greyhound Lines.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This is the second appeal of this case. The evidence on the first trial and as found in this record is substantially the same. A full summation of the evidence can be found in Atkinson v. Dixie Greyhound Lines et al., 5 Cir., 125 F.2d 237. No good purpose can be served by setting out the facts at length.

Upon remand the case was tried to a jury and recovery limited to compensatory or actual damages. The court declined to submit to the jury the question of punitive damages, and the jury returned a verdict for plaintiff for actual damages in the sum of $500. The plaintiff appealed on the one ground that the court erred in refusing to submit to the jury the question of whether punitive damages should be awarded. The defendants have cross-appealed.

The evidence of the defendants showed that plaintiff entered the bus station of defendants at Jackson, Mississippi after midnight and upon request failed and refused to purchase a ticket, and upon his refusal two police officers were called in and plaintiff further refused to purchase a ticket and he was then arrested and ejected from the station and removed to police headquarters. The jury declined to follow this evidence. The jury followed the evidence of the plaintiff. The plaintiff's evidence showed that he worked in a grocery store in Jackson, Mississippi, on a Saturday in January, 1940 until 11:30 that night, having worked over sixteen hours; that when he left his work he went to a coffee shop and ate supper and then entered the defendants' bus station at about 1:15 in the morning; that he went immediately to the ticket window to purchase a ticket to his home at Byron, which was about seven miles south of Jackson, the price of the ticket being 26 cents; that he had a large sack of groceries in one hand and in the other a one dollar bill with which to purchase the ticket; that the agent was busy writing and upon being advised that plaintiff would purchase a ticket to Byron informed him that the bus did not run in that direction until 4:30 that morning; that he made no move to wait upon plaintiff and thereupon plaintiff took a seat in the waiting room; that later he went up to the balcony to the men's toilet and then seated himself in a seat on that floor which was provided for passengers; that later on Billingsley, the agent of the defendants, came to the plaintiff and asked him where he was going and when told said, "You have until 4:30" and turned away; when plaintiff made an effort to again purchase a ticket the agent said, "You have until 4:30" and plaintiff kept his seat.

Later two police officers who had been summoned by Billingsley entered the bus station and Billingsley pointed out the plaintiff and informed the police that plaintiff had been loafing in the depot for about a week; the officers thereupon seized plaintiff and arrested and searched him and removed him from the bus station to the police headquarters where he was held for about two hours and then released and given his bag of groceries and he walked back through the snow to the station and found that his bus had gone; he waited until 9 o'clock when he boarded another bus and returned to his home. The evidence further showed that plaintiff had been working at Jackson for three months and had been buying tickets at the bus station and riding to his home nearly every day during that time; that he had never been arrested before; that he was sober on the occasion and presented himself at the station in a proper manner; that his deportment and demeanor at all times were correct and good; that he was a passenger of defendants as he was in their bus station waiting for his bus; and he was humiliated since many people knew of his arrest and imprisonment and that it would militate against him in the event he sought new employment.

The evidence is without dispute that Billingsley was the agent of the defendants and was at the time of the arrest in charge of the bus station and acting within the scope and line of his employment.

The witness, Emory, who testified for the defendants, was permitted to go entirely out of the record. The questions propounded to him, in the main, called for conclusions and brought forth answers which were erroneous and prejudicial.

This witness was permitted to further testify that "If he refused to buy a ticket, he (the agent) has instructions to call the police * * *. It is his duty to call the police, and we abide by the police decision."

The defendants may not escape liability for the wrongful acts of their agent or by passing responsibility to the police. If the agent and police were wrong, then their wrongs became the wrongs of the defendants. Bushardt v. United Inv. Co., 121 S.C. 324, 113 S.E. 637, 35 A.L.R. 645; Illinois Cent. R. Co. v. King, 69 Miss. 852, 13 So. 824; Bacon v. Bacon, 76 Miss. 458, 24 So. 968; Howell v. Vierner, 179 Miss. 872; Alabama & V. Ry. Co. v. Kuhn, 78 Miss. 114, 28 So. 797; Laster v. Chaney, 180 Miss. 110, 177 So. 524.

Punitive damages: To authorize the infliction of punitive damages, the wrongful act complained of must be either intentional, or result from such gross disregard of the rights of the complaining party as amounts to willfulness on the part of the wrongdoer. Illinois Central R. Co. v. Ramsay, 157 Miss. 83, 127 So. 725, 726; Chicago, St. L. & N. O. R. Co. v. Scurr, 59 Miss. 456, 42 Am.Rep. 373; Mississippi & T. R. Co. v. Gill, 66 Miss. 39, 5 So. 393; New Orleans & N. E. R. Co. v. Martin, 140 Miss. 410, 105 So. 864.

"Punitive damages may be recovered not only for a willful and intentional wrong, but for such gross and reckless negligence as is equivalent to such a wrong. A spirit of wantonness and recklessness is at war with good faith. An act done in such a spirit oftentimes is just as harmful as if prompted by malice." Neal v. Newburger Co., 154 Miss. 691, 123 So. 861, 863; Hines v. Imperial Naval Stores Co., 101 Miss. 802, 58 So. 650; Godfrey v. Meridian L. & R. Co., 101 Miss. 565, 58 So. 534; Yazoo & M. V. R. Co. v. Fletcher, 100 Miss. 569, 56 So. 667; Vicksburg Waterworks Co. v. Dutton, 98 Miss. 209, 53 So. 537.

That a case of false arrest or malicious prosecution in Mississippi can be such as to call for the infliction of punitive or exemplary damages is no longer in doubt. When an arrest has been made and imprisonment imposed and the evidence shows no legal grounds therefor, such conduct has been characterized as such gross wrong as to evince a wanton or willful disregard of the rights of others, and if so, then the question of punitive damages under proper instruction by the court becomes a question for the jury. Laster v. Chaney, 180 Miss. 110, 177 So. 524; Bounds v. Watts, 159 Miss. 307, 131 So. 804; Illinois Central R. Co. v. Ramsay, 157 Miss. 83, 127 So. 725; 25 C.J. page 551, § 161; 35 C.J.S., False Imprisonment, § 59; Southern R. Co. v. Hall, 209 Ala. 237, 96 So. 73; Virginia Electric & Power Co. v. Wynne, 149 Va. 882, 141 S.E. 829; Stewart v. Sonneborn, 96 U.S. 187, 25 L.Ed. 116; Taggart v. Peterson, 182 Miss. 82, 181 So. 137.

"It is now well established, notwithstanding doubt expressed in some earlier cases as to the common-law power of a reviewing court to limit issues when ordering a new trial, that when error exists as to only one or more issues and the judgment is in other respects free from error, a reviewing court may, when remanding the cause for a new trial, whether by the court or a jury, limit the new trial to the issues affected by the error whenever these issues are entirely distinct and separable from the matters involved in other issues and the trial can be had without danger of complication with other matters * * *." American Jurisprudence, Vol. 3; State Life Ins. Co. of Indianapolis v. Hardy, 189 Miss. 266, 195 So. 708, 714; Schuerholz v. Roach, 4 Cir., 58 F.2d 32; Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188; Moore's Federal Practice under the New Federal Rules, Vol. 3, page 3248; Federal Rules of Civil Procedure, Rule 59(a), 1938 Ed. p. 125. 28 U.S.C.A. following section 723c.

By its verdict the jury found (1) that plaintiff was in defendants' bus station as a passenger at the time he was arrested and was not a trespasser; (2) that he had committed no offense and that his arrest was wrongful; (3) that Billingsley was the agent of the defendants when he called in the police and was then and there acting within the line and scope of his employment; and (4) that defendants were liable for the acts of Billingsley and the police officers for the wrongful arrest and imprisonment of plaintiff.

From what we have said, it is patent that the court erred in refusing, under proper instructions, to submit to the jury the question of punitive damages, that is: Did Billingsley in and about the arrest and imprisonment of plaintiff act with such reckless disregard of the rights of the

plaintiff as measured to wanton or willful misconduct? This is a jury question under the facts of this case. It will also be relevant to prove the financial worth of defendants. Whitfield v. Westbrook, 40 Miss. 311, 320; Wagner v. Gibbs, 80 Miss. 53, 63, 31 So. 434, 92 Am.St.Rep. 598.

The judgment appealed from is affirmed on cross-appeal. It is also affirmed on direct appeal except as to the issue of punitive damages. On that issue, it is reversed and the cause remanded to the district court for trial de novo, and such further proceedings as are not inconsistent with this opinion.

WALLER, Circuit Judge (dissenting).

I do not believe that the evidence in this case reveals any facts that would justify the submission of an issue of punitive damages to the jury, and I therefore dissent.